**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| MARGHERITA GUZZI VINCENTI, PATRICIA HUGHES, EMMA GRIFFIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>USA FENCING ASSOCIATION, DONALD ALPERSTEIN, PHIL ANDREWS, DAMIEN LEHFELDT, MOLLY HILL, KAT HOLMES, LAURYN DELUCA, SCOTT RODGERS, ANDREA PAGNANELLI, and JACKIE DUBROVICH,<br><br>    Defendants. | Case No.: 4:25-CV-00850-FJG |

**DEFENDANTS' MEMORANDUM
IN SUPPORT OF THEIR MOTION TO DISMISS**

   Defendants USA Fencing[1] ("USFA"), Donald Alperstein, Phil Andrews, Damien Lehfeldt, Molly Hill, Kat Holmes, Lauryn Deluca, Scott Rodgers, Andrea Pagnanelli, and Jackie Dubrovich (all defendants collectively referred to as "Defendants" and individually named defendants collectively referred to as the "Individual Defendants"), by and through undersigned counsel, respectfully request that this Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), and (6) for lack of personal jurisdiction, lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and improper venue.

---

[1] USFA has been improperly named in this matter as USA Fencing Association.

1

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ....................................................................................... 8

II.    LEGAL STANDARD ................................................................................. 9

III.   ARGUMENT AND AUTHORITIES ...................................................... 10

     A.    This Court lacks personal jurisdiction over the Individual Defendants............... 10

     B.    This Court lacks subject matter jurisdiction over Plaintiffs' claims. .................... 13

     C.    Plaintiffs have failed to state a claim upon which relief should be granted for each of their claims. ....................................................................... 14

          a.    Plaintiffs' Title IX claim ........................................................... 14

               i.    Plaintiffs have not and cannot plead that they were excluded from or denied the benefits of competition because of their gender................................................... 15

               ii.   Plaintiffs have not pled and cannot evidence that they were treated adversely because of their gender. .................................... 15

          b.    Plaintiffs' false advertisement and/or violation of the Missouri Merchandising Practices Act claim............................................................ 16

          c.    Plaintiffs' breach of contract claim .......................................... 18

          d.    Plaintiffs' conspiracy claim....................................................... 19

          e.    Plaintiffs' negligent misrepresentation / negligence per se claim............. 20

     D.    Plaintiffs' claims should be dismissed for improper venue. ................................. 22

IV.   CONCLUSION......................................................................................... 22

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amesquita v. Gilster-Mary Lee Corp.*,
  408 S.W.3d 293 (Mo.App. 2013) ...........................................................19

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)....................................9, 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).....................................9, 18

*Bell v. Annie's, Inc.*,
  673 F. Supp. 3d 993 (E.D. Mo. 2023)........................................................17

*Bostock v. Clayton Cnty., Georgia*,
  590 U.S. 644, 140 S. Ct. 1731, 207 L. Ed. 2d 218 (2020).....................................16

*Brown v. Dills*,
  No. 05–4414–CV–C–NKL, 2007 WL 148851 (W.D.Mo. Jan. 12, 2007)..............................19

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)....................................11, 12

*Bus. Men's Assur. Co. v. Graham*,
  891 S.W.2d 438 (Mo. Ct. App. 1994).........................................................21

*Carlton Plaza Condo. Ass'n v. Philadelphia Indem. Ins. Co.*,
  No. 15-CV-00227-W-FJG, 2016 WL 325005 ....................................................19

*Davis v. Jefferson Hosp. Ass'n*,
  685 F.3d 675 (8th Cir. 2012) ..............................................................19

*A.J. ex rel. Dixon v. UNUM*,
  696 F.3d 788 (8th Cir. 2012) ...............................................................9

*Eleven Line, Inc. v. N. Texas State Soccer Ass'n, Inc.*,
  213 F.3d 198 (5th Cir. 2000) ..............................................................13

*Gear Auto., L.L.C. v. Acceptance Indem. Ins. Co.*,
  No. 11-CV-00421-W-FJG, 2011 WL 2976827 (W.D. Mo. July 21, 2011)..............................9

*Hale v. McGregor*,
  No. 1-24-CV-1076-RP, 2025 WL 2622360 (W.D. Tex. June 26, 2025), *report
  and recommendation adopted*, No. 1:24-CV-1076-RP, 2025 WL 2218882
  (W.D. Tex. Aug. 4, 2025) ................................................................13, 14

3

*Hamilton v. Palm*,
   621 F.3d 816 (8th Cir. 2010) ................................................................10

*Hawkeye Gold, LLC v. China Nat'l Materials Indus. Imp. & Exp. Corp.*,
   89 F.4th 1023 (8th Cir. 2023) ........................................................9, 10, 11

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404  (1984)................................10, 11

*Hess v. Chase Manhattan Bank, USA, N.A.*,
   220 S.W.3d 758 (Mo. banc 2007)................................................................17

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*,
   326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)....................................12

*K-V Pharm. Co. v. J. Uriach & CIA, S.A.*,
   648 F.3d 588 (8th Cir. 2011) ........................................................9, 10

*Kaliannan v. Liang*,
   2 F.4th 727 (8th Cir. 2021) ................................................................10

*Keeton v. Hustler Mag., Inc.*,
   465 U.S. 770, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)........................11

*Kelley v. Iowa State Univ. of Sci. & Tech.*,
   311 F. Supp. 3d 1051 (S.D. Iowa 2018) ................................................15

*Lee v. U.S. Taekwondo Union*,
   331 F. Supp. 2d 1252 (D. Haw. 2004) ................................................14

*Lewis v. Blue Springs Sch. Dist.*,
   No. 4:17–CV–00538–NKL, 2017 WL 5011893 (W.D. Mo. Nov. 2, 2017)............................18

*Lowdermilk v. Vescovo Bldg. & Realty Co.*,
   91 S.W.3d 617 (Mo. Ct. App. 2002) *opinion adopted and reinstated after*
   *retransfer* (Jan. 9, 2003)................................................................21

*Lucero v. Curators of the Univ. of Mo.*,
   400 S.W.3d 1 (Mo. Ct. App. 2013)................................................18

*Micheletti v. McGregor*,
   No. 1:25-CV-245-RP, 2025 WL 2663677 (W.D. Tex. Sept. 11, 2025) ................................14

*Micro-Surface Finishing Prods., Inc. v. SDI, Inc.*,
   97 F. Supp. 3d 1077 (S.D. Iowa 2015) ................................................9

4

*Mobley v. Saint Luke's Health Sys., Inc.*,
No. 4:19-CV-00764-BCW, 2021 WL 2665455 (W.D. Mo. June 1, 2021), *aff'd
sub nom. Mobley v. St. Luke's Health Sys., Inc.*, 53 F.4th 452 (8th Cir. 2022) ......................16

*Murphy v. Stonewall Kitchen, LLC*,
503 S.W.3d 308 (Mo. Ct. App. 2016)...................................................................................17

*Murray v. Lene*,
595 F.3d 868 (8th Cir. 2010) ................................................................................................19

*Pliuskaitis v. USA Swimming, Inc.*,
243 F. Supp. 3d 1217 (D. Utah 2017)...................................................................................14

*Plubell v. Merck & Co.*,
289 S.W.3d 707 (Mo. App. W.D. 2009)................................................................................18

*Reed v. Curators of the Univ. of Mo.*,
509 S.W.3d 816 (Mo. Ct. App. 2016)...................................................................................18

*Rogers v. Bruntrager*,
841 F.2d 853 (8th Cir.1988) ................................................................................................19

*Rowles v. Curators of Univ. of Missouri*,
983 F.3d 345 (8th Cir. 2020) ................................................................................................15

*S.S. by & through K.S. v. Raytown Quality Sch. Dist.*,
No. 21-00207-CV-W-WBG, 2021 WL 3557650 (W.D. Mo. Aug. 11, 2021).........................15

*Sharp v. Mid-Buchanan Cnty. R5 Sch. Dist.*,
No. 5:18-CV-06024-FJG, 2019 WL 13293299 (W.D. Mo. Jan. 24, 2019)............................10

*Snelling v. Westhoff*,
972 F.2d 199 (8th Cir.1992) ................................................................................................19

*Travelers Health Ass'n v. Com. of Va. ex rel. State Corp. Comm'n*,
339 U.S. 643, 70 S. Ct. 927, 94 L. Ed. 1154 (1950)...............................................................11

*United Fire & Cas. Co. v. Advantage Workers Comp. Ins. Co.*,
No. 16-CV-00466-W-DW, 2017 WL 2964723 (W.D. Mo. June 26, 2017).............................20

*Weber v. Fisher Elec. Co.*,
No. 13-0396-CV-W-FJG, 2013 WL 5516452 (W.D. Mo. Oct. 3, 2013) .................................9

*Weinbach v. Starwood Hotels & Resorts Worldwide, Inc.*,
No. 4:16CV783JCH, 2017 WL 3621459 (E.D. Mo. Aug. 23, 2017) ......................................21

*Whittaker v. CRST Malone, Inc.*,
No. 4:18CV1048 HEA, 2019 WL 931966 (E.D. Mo. Feb. 26, 2019).....................................20

5

*Wong v. Bann-Cor Mortg.*,
    No. 10-1038-CV-W-FJG, 2011 WL 2314198 (W.D. Mo. June 9, 2011) ............................... 11

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) ...................................................... 12

**Statutes**

36 U.S.C.A. § 220501(b)(9) ............................................................................................................ 14

20 U.S.C. § 1681(a) ....................................................................................................................... 15

28 U.S.C. § 1391(b)(2) ................................................................................................................... 22

28 U.S.C. § 1406(a) ........................................................................................................................ 22

28 U.S.C. § 1406(b) ........................................................................................................................ 22

36 U.S.C. § 220501 ......................................................................................................................... 13

36 U.S.C. § 220501(9) .................................................................................................................... 13

36 U.S.C. § 220521 ......................................................................................................................... 13

36 U.S.C. § 220522(4)(b) ............................................................................................................... 13

36 U.S.C. § 220522(a)(5) ............................................................................................................... 13

36 U.S.C. § 220523 ......................................................................................................................... 13

36 U.S.C. § 220524(a)(3) ............................................................................................................... 14

36 U.S.C. § 220524(a)(6) ............................................................................................................... 14

36 U.S.C. § 220524(a)(13) ............................................................................................................. 14

36 U.S.C. § 220529(a) .................................................................................................................... 13

Mo. Ann. Stat. § 407.020 .......................................................................................................... 16, 21

Mo. Ann. Stat. § 407.025 .......................................................................................................... 17, 21

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................... 9

Fed. R. Civ. P. 12(b)(1-3) ............................................................................................................... 9

Fed. R. Civ. P. 12(b)(2) ................................................................................................................... 9

Fed. R. Civ. P. 12(b)(6).............................................................................................................9, 14

7

# I.    INTRODUCTION

On October 29, 2025, Plaintiffs Margherita Guzzi Vincenti, Patricia Hughes, Emma Griffin, and other allegedly similarly situated plaintiffs (all plaintiffs collectively referred to as "Plaintiffs") filed a Verified Class Action Complaint ("Complaint") against Defendants, claiming (1) violation of Title IX against USFA; (2) false advertisement/violation of the Missouri Merchandising Practices Act ("MMPA") against USFA; (3) breach of contract against USFA; (4) conspiracy against Defendants; and (5) negligent misrepresentation/negligence per se against Defendants. *See generally* Doc. No. 1.

USFA is a membership organization of the United States Olympic & Paralympic Committee ("USOPC") and a national governing body ("NGB") designated by the USOPC. *See Id.* at Paras. 7, 22, and 25. The Individual Defendants include USFA's Chief Executive Officer and various board members. *See Id.* at Paras. 8-15. USFA hosts individual and team fencing events throughout the United States grouped by age, sex, and weapon. *See Id.* at Para. 2. Plaintiffs Margherita Guzzi Vincenti, Patricia Hughes, and Emma Griffin, are athletes who allege to have participated in the North American Cup, hosted by USFA, in Kansas City, Missouri, form January 3rd to 6th, 2025. ("January NAC"). *See Id.* at Paras. 1 and 4-6.

Plaintiffs attempt to contest USFA's eligibility policy that was in effect at the time and permitted transgender individuals to participate in the January NAC.[2] ("Transgender Eligibility Policy"). *See generally* Doc. No. 1 and Para. 64. Plaintiffs' attempt fails for multiple reasons and should be dismissed because this Court lacks personal jurisdiction over the Individual Defendants and subject matter jurisdiction over the claims. Even if this Court finds that it has jurisdiction, it should dismiss Plaintiffs' claims because they have failed to state a claim upon which relief can be

---

[2] This language of the policy in effect at the time is provided within Plaintiffs' Complaint. *See* Doc. No. 1, Footnote 1, at Para. 39. USA+Fencing+Proposed+Transgender+Policy+Draft.pdf

granted and venue is improper.

## II. <u>LEGAL STANDARD</u>

Defendants move to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1), through (3), and (6). When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1-3), and (6), a court must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. *Hawkeye Gold, LLC v. China Nat'l Materials Indus. Imp. & Exp. Corp.*, 89 F.4th 1023, 1030 (8th Cir. 2023); *A.J. ex rel. Dixon v. UNUM*, 696 F.3d 788, 789 (8th Cir. 2012); *Gear Auto., L.L.C. v. Acceptance Indem. Ins. Co.*, No. 11-CV-00421-W-FJG, 2011 WL 2976827, at *1 (W.D. Mo. July 21, 2011); *Micro-Surface Finishing Prods., Inc. v. SDI, Inc.*, 97 F. Supp. 3d 1077, 1080 (S.D. Iowa 2015). Additionally, when reviewing a challenge to subject matter jurisdiction, a court must consider the facts as they existed at the time of the commencement of the lawsuit. *A.J. ex rel. Dixon*, 696 F.3d at 789.

When a party challenges personal jurisdiction, the burden of proof to establish jurisdiction remains on the plaintiff, and a "plaintiff need only 'make a prima facie showing that personal jurisdiction exists' by pleading 'sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state.'" *Hawkeye Gold, LLC*, 89 F.4th at 1030 (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011)). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Weber v. Fisher Elec. Co.*, No. 13-0396-CV-W-FJG, 2013 WL 5516452, at *1 (W.D. Mo. Oct. 3, 2013). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. *Twombly*,

9

550 U.S. 544 at 555. *See also Sharp v. Mid-Buchanan Cnty. R5 Sch. Dist.*, No. 5:18-CV-06024-FJG, 2019 WL 13293299, at *2 (W.D. Mo. Jan. 24, 2019). "Determining whether a claim is plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Hamilton v. Palm,* 621 F.3d 816, 818 (8th Cir. 2010) (quoting *Iqbal* 129 S. Ct. at 1950).

## III.    ARGUMENT AND AUTHORITIES

### A.    This Court lacks personal jurisdiction over the Individual Defendants.

Under the Due Process Clause of the Fourteenth Amendment, a federal court may only exercise personal jurisdiction over a non-resident defendant when "the defendant purposefully establish[es] 'minimum contacts' with the forum state such that asserting personal jurisdiction and maintaining the lawsuit against [them] does not offend 'traditional conceptions of fair play and substantial justice.'" *Hawkeye Gold, LLC*, 89 F.4th at 1032 (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011)). A court analyzes five factors when reviewing whether a defendant has the necessary minimum contacts with the forum state: "(1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Id*. (quoting *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021).

A federal court can exercise two types of personal jurisdiction over a defendant: general and specific.[3] *Id*. (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 n. 9 (1984)). As this Court has held, specific jurisdiction applies when "the cause of action arises

---

[3] Plaintiffs allege that this Court has specific personal jurisdiction over the Individual Defendants, not general personal jurisdiction. Therefore, this Memorandum only addresses the applicability of specific personal jurisdiction. However, Defendants note that this Court also lacks general personal jurisdiction over the Individual Defendants.

10

out of or is related to a defendant's contacts with the forum state." *Wong v. Bann-Cor Mortg.*, No. 10-1038-CV-W-FJG, 2011 WL 2314198, at *5 (W.D. Mo. June 9, 2011). To establish specific jurisdiction, a plaintiff must show that the "defendant's contacts with the forum [s]tate 'must be based on some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *Hawkeye Gold, LLC*, 89 F.4th at 1032. The requirement of "purposeful availment" "ensures that a defendant will not be haled into a jurisdiction solely as the result of 'random,' 'fortuitous,' or 'attenuated' contacts'…or the 'unilateral activity of another party or third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 1873, 80 L. Ed. 2d 404 (1984) and *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 773, 104 S. Ct. 1473, 1478, 79 L. Ed. 2d 790 (1984)).

Specific jurisdiction is proper "where the contacts proximately result from the actions by the defendant *himself* that create a 'substantial connection' with the forum state." (emphasis in the original) *Id.* at 2183-84. Therefore, when an individual defendant acts deliberately to engage in "significant activities within a State," *Id.* at 2184 (quoting *Keeton*, 465 U.S. at 781), or creates "'continuing obligations' between himself and residents of the forum," the individual has purposefully availed himself to the laws of that state. *Id.* (quoting *Travelers Health Ass'n v. Com. of Va. ex rel. State Corp. Comm'n*, 339 U.S. 643, 646, 70 S. Ct. 927, 929, 94 L. Ed. 1154 (1950)).

If a defendant has the necessary minimum contacts with the forum state, the court must consider the contacts "in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id.* To do so, a court may evaluate the burden on the defendant, the forum state's interest in the dispute, the plaintiff's

"interest in obtaining convenient and effective relief," the judiciary's interest in having an efficient resolution of controversies, and the interest in furthering "fundamental substantive social policies." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 290, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980)).

Here, Plaintiffs allege that this Court has specific personal jurisdiction over the Individual Defendants because "all [I]ndividual Defendants are current USFA directors or officers who authorized USFA to conduct substantial and continuous business in this District." Doc. No. 1, at para. 20. Plaintiffs further allege that the "[I]ndividual Defendants, by their intentional and/or reckless and/or gross negligent action, have authorized Defendant USFA to conduct fraudulent transactions and violate various state and federal laws and regulations…in Kansas City, Missouri in January 2025." *Id.*

Critically absent from Plaintiffs' attempt to establish personal jurisdiction is any assertion that each Individual Defendant had contact with the state of Missouri. Plaintiffs merely allege that the Individual Defendants collectively authorized USFA to have contact with Missouri. As stated above, Plaintiffs' must show that the "*defendant himself*" had a "substantial connection with the forum state." *Rudzewicz*, 105 S. Ct. at 2183-84. Personal jurisdiction does not exist over an "individual…with which the state has no contacts, ties, or relations." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 319, 66 S. Ct. 154, 160, 90 L. Ed. 95 (1945). Because Plaintiffs have not established that each Individual Defendant had the necessary minimum contacts, or any contact, with the state of Missouri, this Court need not even consider whether the assertion of personal jurisdiction would comport with concepts of "fair play and substantial justice." Therefore, this Court should dismiss the Individual Defendants.

**B.      This Court lacks subject matter jurisdiction over Plaintiffs' claims.**

Plaintiffs' claims are preempted by the Ted Stevens Act (the "Act"). 36 U.S.C. § 220501, *et seq.* The Act creates a vertical structure for the management of certain amateur sports in the United States. *Hale v. McGregor*, No. 1-24-CV-1076-RP, 2025 WL 2622360, at *3 (W.D. Tex. June 26, 2025), *report and recommendation adopted*, No. 1:24-CV-1076-RP, 2025 WL 2218882 (W.D. Tex. Aug. 4, 2025) and *Eleven Line, Inc. v. N. Texas State Soccer Ass'n, Inc.*, 213 F.3d 198, 203 (5th Cir. 2000). *See also* 36 U.S.C.A. § 220501, *et. seq*. At the head of this vertical structure is the USOPC and at the next level are NGBs for each sport included in the Olympic Games or the Pan–American Games. *Id.*

USFA is an NGB governed by the Act. *See* Doc. No. 1 at paras 7, 22, and 25; *see also* 36 U.S.C.A. § 220501(9) and 220521. To be recognized as an NGB, a sports organization must demonstrate autonomy in the governance of its sport – it must "independently decide[ ] and control[ ] all matters central to governance." *See* 36 U.S.C. § 220522(a)(5) and *Eleven Line, Inc. v. N. Texas State Soccer Ass'n, Inc.*, 213 F.3d 198, 203–04 (5th Cir. 2000). In addition to other powers, an NGB may establish procedures for determining eligibility standards. *See* 36 U.S.C. § 220523 and *Id.* Here, USFA's Transgender Eligibility Policy, which Plaintiff's challenge, was a procedure for determining eligibility for participants competing in USFA events; and therefore, falls under the broad authority established by the Act. *See Id.* and Doc. No. 1 at Para. 39.

Under the Act, all NGBs must submit to binding arbitration any controversy involving the eligibility of an amateur athlete to participate in an amateur athletic competition, 36 U.S.C. § 220522(4)(b), **and a plaintiff may only seek judicial review of a determination after the plaintiff has exhausted the administrative remedies under the Act**. *See* 36 U.S.C. § 220529(a). The Act does not create a federal cause of action. *See Hale v. McGregor*, No. 1-24-CV-1076-RP, 2025 WL 2622360, at *4 (W.D. Tex. June 26, 2025), *report and recommendation adopted*, No.

1:24-CV-1076-RP, 2025 WL 2218882 (W.D. Tex. Aug. 4, 2025); *see also* 36 U.S.C.A. § 220501(b)(9). Therefore, NGBs may only be sued regarding matters that do not arise under the Act. *Pliuskaitis v. USA Swimming, Inc.*, 243 F. Supp. 3d 1217, 1224 (D. Utah 2017) (quoting *Lee v. U.S. Taekwondo Union*, 331 F. Supp. 2d 1252, 1257 (D. Haw. 2004)).

Plaintiffs' seek to challenge USFA's Transgender Eligibility Policy and, therefore, challenge USFA's duties to "keep amateur athletes informed of policy matters and reasonably reflect the views of the athletes in its policy decisions," "provide equitable support and encouragement for participation by women where separate programs for male and female athletes are conducted on a national basis," and "promote a safe environment in sports that is free form abuse of any amateur athlete, including emotional, physical, and sexual abuse." 36 U.S.C. § 220524(a)(3), (6), and (13).  Accordingly, no matter how Plaintiffs' claims are pled, they seek relief for issues governed by the Act. *See Hale*, 2025 W L 2218882, at *1 and *Micheletti v. McGregor*, No. 1:25-CV-245-RP, 2025 WL 2663677, at *2 (W.D. Tex. Sept. 11, 2025) (dismissing plaintiff's state law claims because the Act "not only preempts eligibility challenges brought directly under the Act, but other state law causes of action that essentially sought relief governed by the Act"). Accordingly, Plaintiffs were required to bring their claims within the procedures set forth by the Act. Because they failed to do so, this Court should dismiss their claims.[4]

### C. Plaintiffs have failed to state a claim upon which relief should be granted for each of their claims.

#### a. Plaintiffs' Title IX claim

According to Title IX, "[n]o person in the United States shall, on the basis of sex, be

---

[4] Because Plaintiffs were required to bring their claims within the procedures required by the Act, Plaintiffs also improperly pled all their claims and, therefore, have failed to state a claim upon which relief can be granted for each claim. *See* Doc. No. 1 at Paras. 78-103. This Court should thus dismiss all Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6).

excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). "On the basis of sex" means the discrimination or other prohibited conduct was motivated by gender or failure to conform with gender stereotypes. *S.S. by & through K.S. v. Raytown Quality Sch. Dist.*, No. 21-00207-CV-W-WBG, 2021 WL 3557650, at *2 (W.D. Mo. Aug. 11, 2021). The Eighth Circuit applies Title VII standards for proving discriminatory treatment under Title IX. *Kelley v. Iowa State Univ. of Sci. & Tech.*, 311 F. Supp. 3d 1051, 1068 (S.D. Iowa 2018). *See also Rowles v. Curators of Univ. of Missouri*, 983 F.3d 345, 360 (8th Cir. 2020), establishing the "motivating factor" standard for Title IX cases. "[T]o fall within Title IX's 'zone of interest,' a plaintiff's claim for Title IX discrimination must allege discriminatory acts based on *his/her sex.*" (*internal quotes and citations omitted*) *Kelley v. Iowa State Univ. of Sci. & Tech.*, 311 F. Supp. 3d 1051, 1068 (S.D. Iowa 2018). A plaintiff cannot maintain a claim for Title IX discrimination based on alleged gender discrimination suffered by others. *Id*.

### i. Plaintiffs have not and cannot plead that they were excluded from or denied the benefits of competition because of their gender.

Plaintiffs have not pled that they were (1) "excluded from participation," "denied the benefits of," or "subjected to discrimination" because of USFA's Transgender Eligibility Policy. 20 U.S.C. § 1681(a). Conversely, Plaintiffs allege in their Complaint that they "participated in the … January NAC." *See* Doc. No. 1 at Paras. 4-6. Plaintiffs admit that they do not know whether any transgender individual participated in any given event at the January NAC; and therefore, cannot adequately allege that they were "subjected to discrimination." *See* Doc. No. 1 at Para. 42.

### ii. Plaintiffs have not pled and cannot evidence that they were treated adversely because of their gender.

To "discriminate against" a person means "treating that individual worse than others who

are similarly situated." *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 657, 140 S. Ct. 1731, 1740, 207 L. Ed. 2d 218 (2020). The *Bostock* decision makes clear that transgender individuals fall within statutory protections of Title VII. According to the Supreme Court of the United States, "to discriminate against employees for being homosexual or transgender, the employer must intentionally discriminate against individual men and women in part because of sex" and that "an employer who discriminates against homosexual or transgender employees necessarily and intentionally applies sex-based rules." *Id*. at 662 and 667.

An adverse action is broadly defined as an action that negatively affects a plaintiff. *See Mobley v. Saint Luke's Health Sys., Inc.*, No. 4:19-CV-00764-BCW, 2021 WL 2665455, at *5 (W.D. Mo. June 1, 2021), *aff'd sub nom. Mobley v. St. Luke's Health Sys., Inc.*, 53 F.4th 452 (8th Cir. 2022). Plaintiffs have not pled and cannot prove that USFA implemented and enforced its Transgender Eligibility Policy *because of their genders* or that they were negatively treated *because of their genders*. Therefore, Plaintiffs' Title IX claim should be dismissed.

### b. Plaintiffs' false advertisement and/or violation of the Missouri Merchandising Practices Act claim[5]

The MMPA prohibits the act or use of "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce … in or from the state of Missouri, is declared to be an unlawful practice." Mo. Ann. Stat. § 407.020.

To establish a violation of the MMPA, Plaintiffs must show that they (1) purchased merchandise from USFA; (2) for personal, family, or household purposes; and that they (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful

---

[5] Plaintiffs appear to allege false advertising as individuals and as a class. Both fail to state a claim upon which relief will be granted.

under the Merchandising Practices Act. Mo. Ann. Stat. § 407.025 and *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 773 (Mo. banc 2007). *Bell v. Annie's, Inc.*, 673 F. Supp. 3d 993, 997 (E.D. Mo. 2023). Additionally, Plaintiffs must establish (a) that they acted as a reasonable consumer would in light of all circumstances; (b) that the method, act, or practice declared unlawful would cause a reasonable person to enter into the transaction that resulted in damages; and (c) individual damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty. *Id*.

According to the MMPA, "[a] court may dismiss a claim as a matter of law where the claim fails to show a likelihood that the method, act, or practice alleged to be unlawful would mislead a reasonable consumer." *Id*. A plaintiff adequately pleads "an ascertainable loss of money or property" "if he alleges an ascertainable loss under the benefit-of-the-bargain rule, which compares the actual value of the item to the value of the item if it had been as represented at the time of the transaction." *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 313 (Mo. Ct. App. 2016).

Here, Plaintiffs concede that they knew of the Transgender Eligibility Policy before competing in the January NAC event. *See* Doc. No. 1 at Paras 4-6, 39-44, and 64-67. Plaintiffs' Complaint does not adequately allege how the information provided by USFA was false, deceptive, or misleading to a reasonable consumer; specifically, because Plaintiffs rely on the language of the Transgender Eligibility Policy to support their belief that a person's gender ideology should not be included within the definition of sex. Plaintiffs' contention is not regarding whether there was a misrepresentation or misleading statement by USFA but rather regarding whether USFA's Transgender Eligibility Policy should be permissible based on the Plaintiffs' personal, restricted, and narrowed ideological beliefs that are contrary to applicable law.

Further, Plaintiffs have not adequately pled that they suffered an "ascertainable loss of

money or property," because they concede that they (1) participated in the January NAC events and (2) do not know whether they partook in any competitions with transgender athletes. *See* Doc. No. 1 at Paras. 4-6 and 42. Plaintiffs' allegations fail to state a claim for which relief can be granted because "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, for Plaintiffs to prevail under a MMPA claim, their loss should be a result of the defendant's unlawful practice. *Plubell v. Merck & Co.*, 289 S.W.3d 707, 714 (Mo. App. W.D. 2009). USFA did not engage in any unlawful practices. USFA's Transgender Eligibility Policy was implemented pursuant USFA's authority as an NGB.

### c.     Plaintiffs' breach of contract claim

"Contracts embody the intention of two or more parties to bind themselves legally to promises, and are often characterized by the concepts of mutual promises." *Reed v. Curators of the Univ. of Mo.*, 509 S.W.3d 816, 823 (Mo. Ct. App. 2016). "The essential elements of a valid contract include offer, acceptance, and bargained for consideration." *Id.*

To establish breach of contract, "the complaining party must establish the existence of a valid contract, the rights of plaintiff and obligations of defendant under the contract, a breach by defendant, and damages resulting from the breach." *Lucero v. Curators of the Univ. of Mo.*, 400 S.W.3d 1, 5 (Mo. Ct. App. 2013). A claim for breach of contract requires, (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. *Reed v. Curators of the Univ. of Mo.*, 509 S.W.3d 816, 823 (Mo. Ct. App. 2016) and *Lewis v. Blue Springs Sch. Dist.*, No. 4:17–CV–00538–NKL, 2017 WL 5011893, at *7 (W.D. Mo. Nov. 2, 2017).

Here, Plaintiffs allege that "all Plaintiffs and other participants are members" of USFA and that part of USFA's "important contractual obligations" is to "observe the Bylaws and maintain its nonprofit status under Internal Revenue Code Section 501(c)(3)." *See* Doc. No. 1 at Para. 105.

18

Plaintiffs do not allege the other essential elements of a breach of contract showing how Plaintiffs and USFA were in a contractual relationship, the basis of that contractual relationship, or damages to Plaintiffs flowing from the purported contractual relationship. *See Id*. at Paras. 104-113. Because Plaintiffs have not alleged the essential elements for breach of contract, they fail to state a relief which can be granted, and this Court should dismiss their claim.

### d. Plaintiffs' conspiracy claim

Civil conspiracy is not its own cause of action. Civil conspiracy is a way to hold joint tortfeasors jointly and severally liable for some collectively pursued wrongful goal. To demonstrate civil conspiracy, Plaintiffs must show: (1) two or more people; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and that (5) Plaintiffs were thereby damaged. *Amesquita v. Gilster-Mary Lee Corp.*, 408 S.W.3d 293 (Mo.App. 2013) and *Carlton Plaza Condo. Ass'n v. Philadelphia Indem. Ins. Co.*, No. 15-CV-00227-W-FJG, 2016 WL 325005.

In Missouri, if tortious acts alleged as elements of a civil conspiracy claim fail to state a cause of action, then the conspiracy claim also fails. *Id*. "A conspiracy claim ... requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *See Murray v. Lene,* 595 F.3d 868, 870 (8th Cir. 2010), *Rogers v. Bruntrager,* 841 F.2d 853, 856 (8th Cir.1988), and *Brown v. Dills,* No. 05–4414–CV–C–NKL, 2007 WL 148851, at *3 (W.D.Mo. Jan. 12, 2007). "[T]he plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 685 (8th Cir. 2012). "Conclusory allegations of conspiracy fail to state a claim." *Brown,* 2007 WL 148851, at *3 (citing *Snelling v. Westhoff,* 972 F.2d 199, 200 (8th Cir.1992)).

Here, because Plaintiffs have not adequately alleged an underlying tort act, for reasons stated within this Memorandum, their Conspiracy claim fails as a matter of law. Additionally,

19

Plaintiffs vague, conclusory, and speculative assertions that a conspiracy existed between the Defendants, without alleging any material facts that the defendants reached an illegal agreement, is not enough for Plaintiffs to survive a Motion to Dismiss. *See* Doc. No. 1 at Paras. 114-120.

### e.    Plaintiffs' negligent misrepresentation / negligence per se claim

To prevail on a negligent misrepresentation claim, a plaintiff must prove that: "(1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss." *United Fire & Cas. Co. v. Advantage Workers Comp. Ins. Co.*, No. 16-CV-00466-W-DW, 2017 WL 2964723, at *8 (W.D. Mo. June 26, 2017).

Plaintiffs' negligent misrepresentation claim should be dismissed for the same reasons stated above detailing why Plaintiffs' MMPA and breach of contract claims are improper. *See* Doc. No. 1 at Paras. 121-130. Plaintiffs admit that they participated in the January NAC event and that they do not know whether the competed against any transgender participant. *See* Doc. No. 1 at Paras. 4-6, 44, and 127. Moreover, they neither allege nor show any pecuniary loss.

Additionally, negligence per se arises where the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct, and the court then adopts the statutory standard of care to define the standard of conduct of reasonable person. *Whittaker v. CRST Malone, Inc.*, No. 4:18CV1048 HEA, 2019 WL 931966, at *1 (E.D. Mo. Feb. 26, 2019). Because negligence per se results from the violation of a statute, the jury is instructed on the statutory standard of care rather than that of a reasonable person. *Id.*

The four requirements necessary to establish a claim for negligence per se are:

(1) a violation of a statute or ordinance; (2) the injured party must be within the class of

persons intended to be protected by the statute or ordinance; (3) the injury complained of must be of the nature that the statute or ordinance was designed to prevent; and (4) the violation of the statute or ordinance must be the proximate cause of the injury.

*Lowdermilk v. Vescovo Bldg. & Realty Co.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2002) *(Jan. 9, 2003)*

(quoting *Bus. Men's Assur. Co. v. Graham*, 891 S.W.2d 438, 455 (Mo. Ct. App. 1994)).

Prior to determining whether there is a violation of a statute, a court must first determine whether the statute at issue is one "on which negligence per se may be premised." *Lowdermilk*, 91 S.W.3d at 628. Negligence per se "is ordinarily based" on "the class of safety statutes." *Id.* "Negligence per se is in effect a presumption that one who has violated a safety statute has violated his legal duty to use due care." (internal quotes and citations omitted) *Id.* Upon determining whether the statute at issue may be the premise of negligence per se, a court must consider "legislative intent," and determine whether the statute was "intended to replace the standard of care in a negligence action." *Id.* at 629. *See also Weinbach v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 4:16CV783JCH, 2017 WL 3621459, at *3 (E.D. Mo. Aug. 23, 2017).

To support Plaintiffs' Negligence Per Se claim they rely on Mo. Rev. Stat. § 407.020 which is the "unlawful practices, penalty – exceptions" section of MMPA, which is the same claim in Count II of Plaintiffs' Complaint, discussed above. The statutory standard of care for claims under the MMPA is "a reasonable consumer." Mo. Ann. Stat. § 407.025. It is unclear from Plaintiffs' Complaint how Plaintiffs' negligence per se claim is applicable or differential from Plaintiff's MMPA claim. Because Plaintiffs fail to allege how their injuries complained of are "of the nature that the statute or ordinance was designed to prevent," this claim should be dismissed for failing to state a claim upon which relief can be granted. *Lowdermilk v. Vescovo Bldg. & Realty Co., 91 S.W.3d 617, 628 (Mo. Ct. App. 2002), opinion adopted and reinstated after retransfer (Jan. 9, 2003)* (quoting *Bus. Men's Assur. Co. v. Graham*, 891 S.W.2d 438, 455 (Mo. Ct. App. 1994)).

**D.     Plaintiffs' claims should be dismissed for improper venue.**

A court may dismiss a suit upon timely objection or, in the interest of justice, may transfer the case to a district where the suit could have been brought if the suit is brought in an improper judicial district. 28 U.S.C. § 1406(a), (b). Venue is proper if it the "action is brought "in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(2). None apply here.

Plaintiffs' claims against Defendants concern the policies and governance of USFA, which is a Colorado Nonprofit Corporation, incorporated and domiciled in Colorado, and each Individual Defendants' association with USFA. *See generally* Doc. 1. The enactment of policies and governance of USFA occurred in Colorado, and those policies applied to all USFA sponsored NACs and events across the nation. Additionally, none of the Individual Defendants reside or have substantial contact with Missouri. This action could have and should have been brought in the District of Colorado. Therefore, this venue is improper, and the Court should dismiss the case.[6]

## IV.     <u>CONCLUSION</u>

WHEREFORE, Defendants request this Court enter an order dismissing Plaintiffs' Complaint in its entirety with prejudice and granting all other relief that is just and proper under the circumstances.

---

[6] If this Court finds dismissal is not the proper remedy for improper venue, Defendants request the Court to transfer the case to the District of Colorado pursuant to 28 U.S.C. § 1406(a). By making this request, Defendants do not concede or waive their jurisdictional defenses.

/s/ Blake M. Edwards
Vincent E. Gunter, MO #50343
Blake M. Edwards, MO #70755
Toni A. Martin, MO # KS-001246
GORDON REES SCULLY MANSUKHANI, LLP
2300 Main Street, Suite 900
Kansas City, MO 64108
Telephone:     (816) 303-0815
Facsimile:     (913) 945-1101
vgunter@grsm.com
bedwards@grsm.com
tamartin@grsm.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, the above Memorandum in Support of Defendants' Motion to Dismiss was filed using the Court's electronic filing system which sent notice to all counsel of record.

/s/ Blake M. Edwards
Blake M. Edwards

23