IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MARGHERITA GUZZI VINCENTI,
PATRICIA HUGHES, EMMA GRIFFIN,
individually and on behalf of all others
similarly situated,

       Plaintiffs,

v.

USA FENCING ASSOCIATION, DONALD
ALPERSTEIN, PHIL ANDREWS, DAMIEN
LEHFELDT, MOLLY HILL, KAT HOLMES,
LAURYN DELUCA, SCOTT RODGERS,
ANDREA PAGNANELLI, and JACKIE
DUBROVICH,

       Defendants.

Case No.: 4:25-CV-00850-FJG

## SCHEDULING ORDER

Pursuant to Local Rule 16.1(d) and on the direction of this court, the parties via counsel have filed their proposed scheduling order on January 5, 2026. After taking the matter under advisement, the court hereby establishes the following deadlines in this matter. Accordingly, it is hereby

ORDERED that:

1. Any motion to join additional parties shall be filed on or before August 31, 2026.

2. Any motion to amend the pleadings shall be filed on or before August 31, 2026.

3. All discovery should be commenced and served in time to be completed on or before August 31, 2026. The need for additional time (approximately 8 months vs. 6 months) for discovery stems from expected early defensive motions and the needs associated with class action suits generally.

4. Any motion to certify a class shall be filed on or before September 30, 2026.

5. All discovery motions should be filed no later than September 15, 2026. **It is the practice of this chamber to designate one deadline for the completion of all discovery and permit the parties to designate internal deadlines for the completion of expert designation and discovery.**

    1. Plaintiffs' expert designations and reports shall be due by July 15, 2026.

    2. Defendants' responsive expert designations and reports shall be due by August 15, 2026.

    3. Plaintiffs' rebuttal expert reports shall be due by August 31, 2026.

5. All dispositive motions should be filed no later than October 31, 2026. **The parties are requested to submit courtesy paper copies to chambers of all dispositive motions and all briefing associated with such motions. Lengthy and numerous exhibits must be clearly identified, tabbed, and in a binder.**

6. On or before February 15, 2027, the parties are to file witness and exhibit lists, together with statements of anticipated length of the trial and whether a jury trial should be scheduled. Lists shall include all potential witnesses and exhibits except those to be used for the sole purpose of unanticipated rebuttal or impeachment.

7. The parties are to meet, in person, on or before February 15, 2027, to produce each of their exhibits for inspection and agree on all exhibits for which objection will be waived as to admissibility on the ground of lack of identification.

The parties are to meet, in person, on or before March 7, 2027, to agree upon a proposed pretrial order containing the following:

a. a statement of the nature of the action, including a designation of the parties and a list of the pleadings raising the issues,

b. a statement of the facts and legal authority upon which federal jurisdiction is based,

c. a stipulation of uncontroverted facts,

d. a list of reservations by any party to the stipulation of uncontroverted facts,

e. a list of facts that, although not admitted, are not to be contested at trial by evidence to the contrary,

f. a list of exhibits expected to be offered at trial, with a description of each sufficient for identification, and a statement of all admissions by and all issues between any of the parties as to the genuineness thereof, together with a statement of any objections reserved as to the admissibility in evidence thereof.

8. In addition, the parties are strongly encouraged, although not required, to include in the proposed pretrial order a statement of factual and legal issues remaining to be litigated.

9. The parties are to file the proposed pretrial order on or before April 4, 2027. If agreement is impossible, separate pretrial orders should not be filed, but any disputes concerning the proposed order should be set forth in the proposed pretrial order. The proposed pretrial order should be filed in accordance with the general rules governing the filing of pleadings, and **the parties are requested to submit a courtesy paper copy to chambers along with courtesy paper copies of the relevant pleadings identified in the proposed pretrial order.**

10. As the undersigned does not automatically receive copies of pleadings and other documents filed in the CM/ECF system, the parties are also requested to submit courtesy paper copies to chambers of all documents filed during trial or within three days prior to trial.

11. The parties have informed the court that they anticipate that two to three weeks (10-15 business days) will be required to try this action. If neither party intends to file a dispositive motion, then the parties should inform the Court that no such motions will be filed and request a trial date.

Respectfully Submitted:

| | |
|---|---|
| */s/Blake Edwards* | */s/Karin M. Sweigart* |
| Vincent E. Gunter, MO # 50343 | Karin M. Sweigart, MO # 75943 |
| Blake M. Edwards, MO# 70755 | DHILLON LAW GROUP INC. |
| Toni A. Martin, MO# KS-001246 | 177 Post Street, Suite 700 |
| GORDON REES SCULLY MANSUKHANI, LLP | San Francisco, California 94108 |
| 2300 Main Street, Suite 900 | Telephone: (415) 433-1700 |
| Kansas City, MO 64108 | ksweigart@dhillonlaw.com |
| Telephone (816) 303-0815 | |
| Facsimile: (913) 945-1101 | Charles Xiaolin Wang* |
| vgunter@grsm.com | James T. Bacon* |
| bedwards@grsm.com | Mahdavi, Bacon, Halfhill & Young, PLLC |
| tamartin@grsm.com | 11350 Random Hills Road, Suite 700 |
| | Fairfax, Virginia 22030 |
| | cwang@mbhylaw.com |
| *Attorneys for Defendants* | jbacon@mbhylaw.com |
| | |
| | *pro hac vice |
| | |
| | *Attorneys for Plaintiffs* |