# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

MARGHERITA GUZZI VINCENTI,
PATRICIA HUGHES, EMMA GRIFFIN,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

USA FENCING ASSOCIATION, DONALD
ALPERSTEIN, PHIL ANDREWS, DAMIEN
LEHFELDT, MOLLY HILL, KAT HOLMES,
LAURYN DELUCA, SCOTT RODGERS,
ANDREA PAGNANELLI, and JACKIE
DUBROVICH,

        Defendants.

Case No.: 4:25-CV-00850-FJG

## MOTION FOR ATTORNEYS' FEES AND COSTS

Defendants USA Fencing Association, Donald Alperstein, Phil Andrews, Damien Lehfeldt,

Molly Hill, Kat Holmes, Lauryn Deluca, Scott Rodgers, Andrea Pagnanelli, and Jacie Dubrovich

(collectively referred to as "Defendants"), through undersign counsel, and pursuant to Federal Rule

of Civil Procedure 54, respectfully request for this Court to Grant their Motion for Attorneys' Fees

and Costs for the reasons stated below.

## I.    INTRODUCTION

Defendants come before the Court requesting exceptional relief – an award of the attorneys'

fees and costs incurred to defend and successfully prevail on their Motion to Dismiss. *See* Doc

Nos. 31-32. On October 29, 2025, Plaintiffs Margherita Guzzi Vincenti, Patricia Hughes, Emma

Griffin, individually and behalf of all others similarly situated, (collectively referred to as

"Plaintiffs"), filed their Verified Class Action Complaint ("Complaint") against Defendants

claiming (Count I) violation of Title IX against USFA; (Count II) false advertisement/violation of the Missouri Merchandising Practices Act ("MMPA") against USFA; (Count III) breach of contract against USFA; (Count IV) conspiracy against Defendants; and (Count V) negligent misrepresentation/negligence per se against Defendants. *See* Doc. No. 1.

On December 22, 2025, Defendants filed a Motion to Dismiss. *See* Doc. Nos. 14-15. On May 20, 2026, this Court granted Defendants' Motion to Dismiss on all counts. *See* Doc Nos. 31-32. Defendants seek to recoup the attorneys' fees and costs expended to obtain this result because Plaintiff's lawsuit was meritless and intended to continually harass the Defendants.

## II.  LEGAL STANDARD

According to Federal Rule of Civil Procedure 54, a claim for attorneys' fees and related nontaxable expenses must be made on motion and must also: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award, (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. *See* Fed. R. Civ. P. 54(d)(2).

## III.  ARGUMENTS AND AUTHORITIES

Under Title IX and the Missouri Merchandising Practices Act ("MMPA"), a prevailing party may seek attorneys' fees and costs.  Because Defendants were the prevailing party in this matter, they respectfully request their fees and costs.

### A.  Attorneys' fees under Title IX

Title 42 U.S.C.A. § 1988 provides that in federal civil rights actions, including under Title IX, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs." 42 U.S.C.A. § 1988.

By enacting § 1988, Congress sought "to protect defendants from burdensome litigation having no legal or factual basis." *Fox v. Vice*, 563 U.S. 826, 833, 131 S. Ct. 2205, 2213, 180 L. Ed. 2d 45 (2011), quoting *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978). Accordingly, a prevailing party defendant may recover attorneys' fees when the action brought is found to "unreasonable, frivolous, meritless or vexatious." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978). "Prevailing defendants generally are entitled to costs … but are entitled to fees only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). *See also Hensley v. Eckerhart*, 461 U.S. 424, 428, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40 (1983).

Plaintiffs' Complaint is unreasonable, frivolous, meritless, vexatious, or brought to harass or embarrass Defendants for the following reasons:

- The allegations stated in Plaintiffs' Complaint were not based on proper legal theories. *See* Doc Nos. 1, 14-15, and 31-32. Instead, Plaintiffs utilized their Complaint to push a separate narrative disconnected from any viable claim. *Id*.[1]

- Before filing this Complaint in the Western District of Missouri, Plaintiffs' counsel Charles Wang and James Bacon filed similar claims in the Northern District of Texas, based on similar premises alleged in this lawsuit. *See* Exhibit A. Plaintiffs' counsel also filed a Complaint in the District Court of El Paso County Colorado against USA Fencing and individual defendants. *See* Exhibits E-G. The defense of multiple lawsuits in multiple jurisdictions has created a substantial expense on behalf of USA Fencing. *See* e.g., Exhibit D.

- Plaintiffs politicized the facts of this lawsuit, as seen through media posts, which are unsupported by any legal theories. *See* Exhibit B. According to a Fox News article, dated October 29, 2025, the same day Plaintiffs filed this lawsuit, Plaintiffs' counsel Charles Wang was quoted stating, "by allowing biological men to compete in a women's event, USA Fencing violated Title IX by depriving women of their own sport

---

[1] *See* also misstated facts in Plaintiffs' Complaint. Doc No. 1 In Plaintiffs' Complaint at Para. 36, Plaintiffs' allege that Defendant Lehfeldt stated that USFA was a "purely private organization," and "never received any federal funding." *Id*. However, based on the Doge Hearing Transcript, those quotations do not appear. *See* Exhibit H.

that women had fought for over one hundred years to have." *Id*. Plaintiffs' counsel James Bacon also stated in the article that "this case is about restoring trust, transparency, and compliance with federal law." *Id*. Using the court's venue to push a political and/or personal agenda is an improper use of the court system.

- Plaintiffs needlessly named the individual Defendants in their lawsuit who were irrelevant to their alleged claims and damages—which demonstrates Plaintiffs efforts to harassment and embarrassment of the individual Defendants. *See* Doc Nos. 1, 14-15, and 31-32. *See* also Exhibits A and E-G. It appears, based on blog postings, that the motivation for including the individual Defendants in this lawsuit was based on other non-legal issues. *See* Exhibit C. *See* also Exhibit E, Prayer for Relief, Subparts A-H, seeking to remove Lehfeldt from his position as Chair of the USA Fencing Board; seeking to blockade Lehfeldt from holding any elected leadership position within USA Fencing for a period of five years; and, seeking to remove individuals from their positions as directors of the USA Fencing board from a court. *Id*

- The reasons for the litigation are for other purposes outside of the intent of the laws. *See* Exhibit C.[2] Plaintiffs' counsel Charles Wang is the Board Director and General Counsel of the Fair Fencing Organization (FFO). According to FFO's website, it is an organization formed to "support USA Fencing's Mission Statement." *Id*. However, based on blog posts, the FFO, the organization also states that, "after years of efforts to bring change from within, we come into a conclusion that this organization can only be transformed by external force. To that end, we are working with lawyers to launch a class action lawsuit against USA Fencing… We are here to respectfully ask for your financial support. Your entire contribution will go directly toward funding this lawsuit." *Id*.

Because Plaintiffs' duplicative efforts were not made in good faith because their claims lacked merit, were vexatious, and intended to harass and embarrass the Defendants, Defendants seek to recover all fees and costs related to the defense against Plaintiff's Title IX claim.

### B. Attorneys' fees under the MMPA

Missouri courts adhere to the "American Rule" for attorneys' fees associated with litigating a case; however, there are exceptions to the rule, such as the ability for the Court to award attorneys' fees and costs provided through statutory relief. According to the MMPA, courts may in their discretion "award to the prevailing party attorney's fees, based on the amount of time

---

[2] The documents at Exhibit C were taken
https://web.archive.org/web/2026121024141/https://www.fairfencing.org/press-release

reasonably expended." Mo. Ann. Stat. § 407.025.

In Missouri, the general rule is that "attorney fees are not awarded to every successful litigant" however, "may be awarded when they are provided for in a contract or when they are authorized statutorily." *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 431 (Mo. 2013) (internal citations omitted). Relevant factors in determining the reasonable value and amount of statutorily authorized fees include: (1) the rates customarily charged by the attorneys involved in the case and by other attorneys in the community for similar services; (2) the number of hours reasonably expended on the litigation; (3) the nature and character of the services rendered; (4) the degree of professional ability required; (5) the nature and importance of the subject matter; (6) the amount involved or the result obtained; and (7) the vigor of the opposition. *Id*. Attorneys' fees are generally only awarded to prevailing defendants when the plaintiff has pursued vexatious and frivolous claims that would warrant a dismissal of claims and imposition of sanctions pursuant to Rule 55.03. *Arcese v. Daniel Schmitt & Company*, 504 Sw.E.3d 772, 790 (Mo. App. E.D. 2016). As previously explained in Section III.A. of this motion, what has unfolded before this Court is exceptional. Plaintiffs' counsel, via their clients, continue to attempt to utilize the court system as a mechanism to burden Defendants due to their personal feelings and/or organizational restructuring, and not because of facts and legal arguments founded in relevant law. Accordingly, this court should, on its own initiative find Plaintiffs' conduct to violate Missouri Rule of Civil Procedure 55.03. Mo. Sup. Ct. R. 55.03.

The rates for Defendants' attorneys Blake Edwards (Partner), Mallory Overman (Partner) and Toni Martin (Senior Counsel) are $315. *See* Exhibit D. The rate for Paralegals Laura Vitanova, Janessa Yardley, and Hui Tey is $155. *Id*. The approximate hours spent collectively on this matter total 297.50. Given the number of claims pled, Plaintiffs' counsel's improper motivations, the

unnecessary inclusion of the individual Defendants, and time spent mediating and briefing to defend this case, the total time invested by Defendants' counsel is reasonable.

### IV.      CONCLUSION

It is unusual for Courts to award attorneys' fees and costs to a defendant as forms of relief typically when overcoming a lawsuit through a successful Motion to Dismiss. Such awards are reserved for exceptional circumstances, like the ones that surround this lawsuit. The cost of this litigation to Defendants reaches far beyond any monetary number. It has not only cost money, but it has also cost the Defendants time and the continued endurance of harassment from Plaintiffs' counsel. Defendants anticipate that if their attorneys' fees and costs are not awarded in this case, it will result in the expense of the Defendants being the subject of additional lawsuits filed by Plaintiffs' counsel in this or other jurisdictions.

WHEREFORE, for the reasons stated above, Defendants respectfully request that this Court grant their motion for attorneys' fees and costs, find that Plaintiffs' violated Missouri Rule of Civil Procedure 55.03, award Defendants collectively $91,985.00, *see* Exhibit D, and for any such relief as this Court deems necessary and proper. Defendants also request that they be allowed to supplement their motion for attorneys' fees and costs to include any briefing related to the motion and subsequent litigation.

/s/ Blake M. Edwards

Blake M. Edwards, MO# 70755
Toni A. Martin, MO# KS-001246
GORDON REES SCULLY MANSUKHANI, LLP
2300 Main Street, Suite 900
Kansas City, MO 64108
Telephone:      (816) 303-0815
Facsimile:      (913) 945-1101
bedwards@grsm.com
tamartin@grsm.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 3, 2026, a true and accurate copy of the foregoing was filed using the Court's electronic filing system which sent notice to all counsel of record.

/s/ Blake M. Edwards
Blake M. Edwards