| | |
|---|---|
| **COLORADO COURT OF APPEALS STATE OF COLORADO**<br>2 East 14th Avenue<br>Denver, CO 80203 | |
| **EL PASO COUNTY DISTRICT COURT, STATE OF COLORADO**<br>Honorable Michael P McHenry<br>Case No. 2025CV031304 | |
| **Appellee/Plaintiff:** Andrey Geva, *et al.*<br><br>**v.**<br><br>**Appellant/Defendant:** USA Fencing, *et al.* | |
| | ▲ **COURT USE ONLY** ▲ |
| *Attorneys for Appellant/Plaintiff*<br>Name:      SWEETBAUM MILLER PC<br>         Alan D. Sweetbaum, #13491<br>         Ryan Hull, #53815<br>Address:    1200 Seventeenth Street, Suite 1250<br>         Denver, CO 80202<br>Phone No.: (303) 296-3377<br>E-mail:      asweetbaum@sweetbaumlaw.com<br>         rhull@sweetbaumlaw.com | Case No.: 2025CV031304 |
| **NOTICE OF APPEAL** | |

Pursuant to Colorado Appellate Rules 3 and 4, Appellants/Plaintiffs Andrey

Geva ("Geva") and Abdel Salem (Salem"), derivatively on behalf of USA Fencing,

a Colorado nonprofit corporation (collectively "Appellants"), hereby submit their

Notice of Appeal from the District Court of El Paso County, Colorado. Appellants

Case 4:25-cv-00850-FJG    Document 33-7    Filed 06/03/26    Page 1 of 9

seek reversal of the District Court's *Order Granting Motion to Dismiss for Lack of Personal Jurisdiction* (the "Order").

# I.    DESCRIPTION OF THE NATURE OF THE CASE

## A.    Nature of the Controversy

Appellants, Andrey Geva and Abdel Salem are At-Large Members of the Board of Directors of USA Fencing ("USFA"). USFA is a Colorado nonprofit corporation, incorporated under the laws of the Colorado Nonprofit Act. USFA's principal place of business and office is located at 210 USA Cycling Point, Colorado Springs, CO. USFA is a certified national governing body ("NGB") for the Olympic and Paralympic sport of fencing in the United States, whose primary goal is to maintain its NGB status through promotion of fencing. At all times relevant to this case, Salem resided in Colorado Springs, CO. Donald Alperstein, the board parliamentarian, also resides in Denver, CO.

The USFA's Board of Directions includes six Defendant Board Members who have endangered USFA's NGB status through the following actions:

a. Fabricating emails in which members of the board impersonated a USFA member and compared other members' views to the Ku Klux Klan;

b. Refusing to cooperate with Congressional subpoenas;

2

c. Retaliating against Defendant Geva for statement he made in a congressional hearing;

d. Falsely announcing Geva's resignation from the board;

e. Censuring Geva during a special meeting of the board without prior notice and where he was not represented by counsel;

f. Allowing conflicts of interest to exist between board members and vendors;

g. Suppressing board member participation and debate;

h. Amending Bylaws to deprive board members of their voting rights.

Appellants brought a derivative action on behalf of USFA against the Defendant Board members and USFA as a nominal Defendant on June 13, 2025. The Parties agreed to stay proceeding when the Colorado Supreme Court granted certiorari to analogous derivative action related to USA Cricket in *BK Atul Rai, et al v. Venu Pisike, et al.,* 2025SA205 (the "USA Cricket Case"). However, the nominal Defendants in the USA Cricket Case declared bankruptcy while the appeal was pending. As a result, the Trial Court lifted the stay in the present case on January 3, 2026.

Defendants subsequently filed a Motion to Dismiss Plaintiffs' Amended Verified Derivative Complaint ("Motion to Dismiss") on January 26, 2026.

Defendants argued *inter alia* that the Court lacked personal jurisdiction over the Defendant Board Members and must dismiss the case pursuant to C.R.C.P. 12(b)(2).

On April 7, 2026, the Trial Court granted Defendants' Motion in its *Order Re: Defendants' Motion to Dismiss and Plaintiffs' Corrected Motion for Leave to File Second Amended Complaint* (the "Order"). The Order found that insufficient minimum contacts existed for the Defendant Board Members such that that it could exercise long-arm personal jurisdiction.

Appellants now bring this appeal on the basis that the Court erred in finding it lacked personal jurisdiction over Defendant Board Members. Colorado's long arm statute grants the Trial Court jurisdiction over Defendants who engage in the transaction of any business within the state. § 13-1-124(1)(a). Constitutional due process requirements require that Defendants have minimum contacts with Colorado such that jurisdiction is appropriate. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, (1985); *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1192 (Colo. 2005). Defendants' actions in sitting on the Board of USFA, a Colorado entity incorporated and administered by the Colorado Non-Profit Act with a principal place of business in Colorado is sufficient to satisfy constitutional minimum contact requirements. Further a Colorado Court of Appeals decision, *Public Warranty v. Mullins*, 757 P.2d 1140 (Colo. App. 1988), explicitly confers jurisdiction on

individuals who are Colorado corporate officers or directors who have minimum contacts with the state. Defendant Board Members had sufficient minimum contacts through their activity of administering USFA, conducting meetings (including virtual meetings) for USFA, setting bylaws, and engaging in activities which affected USFA.

The Trial Court also erred in finding that because Defendant Board Members are indispensable parties, the District Court case must be dismissed based on its personal jurisdiction finding.

Appellants move this Court to reverse the Trial Court's Order finding no personal jurisdiction over Defendant Board Members and remand this case with further instructions as appropriate.

**B.** **Judgment or Order Being Appealed and Basis for Appellate Court's Jurisdiction**

Appellants appeal the following judgment and order from the El Paso County District Court:

*Order Re: Defendants' Motion to Dismiss and Plaintiffs' Corrected Motion for Leave to File Second Amended Complaint* ("Order").

This Court has jurisdiction under C.R.S. § 13-4-102(1) and C.A.R. 1(a)(3). This appeal is timely filed under C.A.R. 3(a) because it was filed within the time permitted under C.A.R. 4(a).

Case 4:25-cv-00850-FJG     Document 33-7     Filed 06/03/26     Page 5 of 9

**C.** **Whether the Judgment or Order Resolved all Issues Pending Before the Lower Court, Including Attorney Fees and Costs**

The only remaining issue pending before the trial court is the award of

attorney fees and costs to Defendants.

**D.** **Whether the Judgment Was Made Final for the Purposes of Appeal Pursuant to C.R.C.P. 54(b)**

The Judgment was a final judgment for the purposes of appeal pursuant to

C.R.C.P. 54(b).

**E.** **The Date the Judgment or Order Was Entered and Date of Mailing to Counsel**

The Trial Court's Order was entered on April 7, 2026, and electronically served

on counsel of record on the same date.

**F.** **Whether an Extension Was Granted to File Any Post-Trial Relief**

Not applicable.

**G.** **The Date Any Post-Trial Relief Was Filed**

Not applicable.

**H.** **The Date Any Motion for Post-Trial Relief Was Denied or Deemed Denied Under C.R.C.P. 59(j)**

Not applicable.

**I.** **Whether There Were Any Extensions Granted to File Any Notices of Appeal**

None.

## II.     ADVISORY LISTING OF ISSUES ON APPEAL

**A.**     Did the Trail Court err in finding that it lacked personal jurisdiction over Defendant Board Members?

**B.**     Did the Trial Court err in finding that it must dismiss Plaintiffs' case because Board Member Defendants were indispensable parties?

**C.**     Did the Trial Court err in dismissing Plaintiffs' complaint?

**D.**     Did the Trial Court err in not considering whether there is any remedy available to Plaintiffs to prove claims against individual Board Members who do not reside in Colorado?

## III.     TRANSCRIPT INFORMATION

No transcripts are necessary to resolve the issues raised on appeal as the

issue of personal jurisdiction was decided on the pleadings.

## IV.     WHETHER OR NOT A PRE-ARGUMENT CONFERENCE IS REQUESTED

No pre-argument conference is requested at this time.

## V.     INFORMATION REGARDING COUNSEL FOR THE PARTIES

i.     Attorneys for Appellant:

Alan D. Sweetbaum (Atty. Reg.#13491)
Ryan Hull (Atty Reg. #53815)
Sweetbaum Miller PC
1200 17th Street, Suite 1250
Denver, Colorado 80202
303-296-3377

7

*Pro Hac Vice* Counsel for Appellee
James T. Bacon (*Pro Hac Vice* # 25PHV8426)
Xiaolin Wang (*Pro Hac Vice* # 25PHV8425)
Mahdavi, Bacon Halfhill & Young, PLLC
11350 Random Hills Rd., #700
Fairfax, VA 22030
703-420-7620

ii.    Attorneys for Appellee:

Tamara A. Seelman (Atty Reg. #29391)
Melissa A. Wiese (Atty Reg. #27537)
Katherine A. Cunliffe (Atty Reg. #58150)
Gordeon Rees Scully Mansukhani, LLP
555 17th Street, Suite 3400
Denver, CO 80202
303-534-5160

APPENDIX OF ORDER BEING APPEALED

Attached to this Notice of Appeal are the following documents:

1.    *Order Re: Defendants' Motion to Dismiss and Plaintiffs' Corrected
Motion for Leave to File Second Amended Complaint*.

Respectfully submitted on May 15, 2026.

SWEETBAUM MILLER PC

By: s/ *Alan D. Sweetbaum*
        Alan D. Sweetbaum
        Ryan Hull
        *Attorneys for Appellants*

8

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, a true and correct copy of the foregoing **NOTICE OF APPEAL** was filed and served via Colorado Courts E-Filing to the lower court and all parties of record.

*s/Janelle Stoller*
Janelle Stoller

Case 4:25-cv-00850-FJG    Document 33-7    Filed 06/03/26    Page 9 of 9