# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

MARGHERITA GUZZI VINCENTI,
PATRICIA HUGHES, EMMA GRIFFIN,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

USA FENCING ASSOCIATION, DONALD
ALPERSTEIN, PHIL ANDREWS, DAMIEN
LEHFELDT, MOLLY HILL, KAT HOLMES,
LAURYN DELUCA, SCOTT RODGERS,
ANDREA PAGNANELLI, and JACKIE
DUBROVICH,

        Defendants.

Case No.: 4:25-CV-00850-FJG

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs MARGHERITA GUZZI VINCENTI, PATRICIA HUGHES, EMMA GRIFFIN, and similarly situated individuals respectfully submit this memorandum in opposition to the motion for attorneys' fees and costs (ECF No. 33) filed by Defendants DONALD ALPERSTEIN, PHIL ANDREWS, DAMIEN LEHFELDT, MOLLY HILL, KAT HOLMES, LAURYN DELUCA, SCOTT RODGERS, ANDREA PAGNANELLI, and JACKIE DUBROVICH, (Together the "Individual Defendants"), and USA FENCING ASSOCIATION (All defendants together the "Defendants.")

i

# TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................................................... ii

TABLE OF AUTHORITIES .................................................................................................... iii

INTRODUCTION AND SUMMARY OF ARGUMENT...................................................... 1

BACKGROUND AND PROCEDURAL POSTURE ............................................................ 3

LEGAL STANDARD ............................................................................................................. 5

A.       Attorney's Fees Generally and Under 42 U.S.C. § 1988. ..................................... 5

B.       Taxable Costs Under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure...... 6

54(d).    6

ARGUMENT .......................................................................................................................... 7

A.       Defendants Have Not Met the Exacting Standard for Fee-Shifting. ................... 7

   i.  Dismissal Without Prejudice Does Not Support Defendants' Requested Findings. 7

   ii. Plaintiffs' Claims Were Meritorious and Grounded in Fact..................................... 8

   iii.   Defendants' Reliance on Related Litigation and Media Coverage is Misplaced. 9

   iv. Naming the Individual Defendants Does Not Establish Harassment....................... 11

B.       Defendants' MMPA Fee Request Fails for the Same Reason. ............................. 11

C.       The Requested Fees Are Excessive, Inadequately Documented, and Unallocated.
         12

   i.  Defendants Seek Fees for Work That Is Unrelated or Inadequately Tied to this
       Case.......................................................................................................................... 12

   ii. The Hours and Staffing are Unreasonable for the Result Obtained...................... 13

   iii.   Defendants Have Not Segregated Fees by Claim or by Allegedly Frivolous...... 14

   Conduct..................................................................................................................... 14

D. Mediation Costs Are Not Taxable Under 28 U.S.C. § 1920. ........................................ 14

CONCLUSION..................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412 (1978)……………….......................................................................5, 8, 9, 10, 12, 17, 18

*Female Athletes United v. Ellison*, 172 F.4th 1019 (8th Cir. 2026)…………………………..5, 18

*Davis v. Charleston*, 917 F.2d 1502 (8th Cir. 1990)..........................................................5, 8, 9, 18

*Williams v. City of Carl Junction*, 523 F.3d 841 (8th Cir. 2008)...........................................5, 9, 12

*Dillon v. Brown Cty.*, 380 F.3d 360 (8th Cir. 2004) ....................................................................5, 9

*Bass v. Sw. Bell Tel., Inc.*, 817 F.2d 44 (8th Cir. 1987)..............................................................5, 9

*Hughes v. Rowe*, 449 U.S. 5 (1980)..........................................................................................6, 18

*Fox v. Vice*, 563 U.S. 826 (2011)....................................................................................6, 15, 16, 17

*EEOC v. CRST Van Expedited, Inc.*, 944 F.3d 750 (8th Cir. 2019) ....................................6, 16, 17

*Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001).............................................................................................................................................8

*Cody v. Hillard*, 304 F.3d 767 (8th Cir. 2002) .................................................................................8

*Advantage Media, L.L.C. v. City of Hopkins, Minn.*, 511 F.3d 833 (8th Cir. 2008).......................8

*SnugglyCat, Inc. v. Opfer Communs., Inc.*, 953 F.3d 522 (8th Cir. 2020) .....................................8

*Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers*, 26 F.3d 842 (8th Cir. 1994)........................................................................................................................9, 12

*R.M.A. v. Blue Springs R-IV Sch. Dist.*, 717 S.W.3d 187 (Mo. 2025)...........................................11

*Neitzke v. Williams*, 490 U.S. 319 (1989).......................................................................................12

*Keene Corp. v. Cass*, 908 F.2d 293 (8th Cir. 1990)......................................................................12

*King v. Whitmer*, 71 F.4th 511 (6th Cir. 2023) ..............................................................................13

*Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425 (Mo. 2013) .........................................14

*Arcese v. Daniel Schmitt & Company*, 504 S.W.3d 772 (Mo. App. E.D. 2016) ..........................15

**Statutes**

20 U.S.C. § 1681...............................................................................................................................7

28 U.S.C. § 1920.................................................................................................................9, 18, 19

Case 4:25-cv-00850-FJG    Document 34    Filed 06/17/26    Page 3 of 21

42 U.S.C. § 1988 .................................................................................................................. 7

iv

# INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants' fee motion lacks any basis and is plainly divorced from the actual procedural posture of the litigation. Defendants obtained a dismissal without prejudice; they did not file a motion for sanctions or otherwise obtain sanctions; they did not obtain a finding of frivolousness; they did not obtain a finding of bad faith; they did not obtain a finding that Plaintiffs' claims were vexatious or brought for an improper purpose. *See* ECF No. 31. Defendant's motion asks the Court to make those determinations retroactively. *See* ECF-33. The motion reads less like a genuine effort to recover fees and more like an effort to secure, after the fact, a judicial endorsement of accusations that the Court never adopted. Defendants repeatedly invoke media coverage, advocacy activity, public statements, and other lawsuits involving overlapping parties, subjects that have little to do with cost shifting factors articulated by the relevant caselaw and everything to do with the public narrative surrounding these disputes. This Court should not permit Rule 54 to be repurposed into a vehicle for obtaining a press release disguised as a fee petition.

Defendants open their motion by conceding that they seek "exceptional relief." They ask this Court to award nearly six figures after obtaining only a dismissal without prejudice, and alleging frivolousness, vexatiousness, harassment, and purported sanctionable conduct that the Court did not find in its dismissal order. *See* ECF No. 31. That request plainly overreaches.

The Court dismissed the Complaint without prejudice. *Id.* at 14. A dismissal without prejudice is not a merits adjudication that Plaintiffs' claims never should have been filed; it is not a finding of bad faith; it is not a Rule 11 finding; it is not a Missouri Rule 55.03 finding; and it is not a license to recast the Court's ruling into something broader than what the Court actually ordered. Defendants' motion seeks that conversion. They attempt to transform a pleading-stage dismissal into a sweeping declaration that this litigation was frivolous from inception.

1

*Christiansburg* forbids that kind of *post hoc* reasoning.

Defendants seek $91,985.00 total: $90,035.00 in fees and $1,950.00 in mediation costs. ECF No. 33-4. They contend Plaintiffs' suit was frivolous, vexatious, and brought to harass them. But the dismissal order contains **none of those findings**. The Court addressed the sufficiency of the pleadings and personal jurisdiction; it did not find that Plaintiffs filed this action for an improper purpose, that counsel acted in bad faith, or that the factual and legal theories lacked any reasonable foundation when filed. Indeed, the Court rejected Defendants' broader jurisdictional position, holding that the Ted Stevens Act did not deprive the Court of subject-matter jurisdiction over Plaintiffs' independent Title IX claim. ECF No. 31 at 8.

Plaintiffs brought good-faith claims under Title IX and state consumer-protection law based on USA Fencing's policies, its public advertising of sex-designated events, its asserted educational-institution status, and its receipt of federal funding. *See* ECF No. 1; *See also Female Athletes United v. Ellison*, 172 F.4th 1019 (8th Cir. 2026) (stating "there can be no dispute that whether Title IX requires, permits, or prohibits the participation of transgender athletes in female athletics remains an open question of law."). Whether those theories ultimately survived Rule 12 is a different question from whether they were frivolous, unreasonable, groundless, or brought to harass. Under Supreme Court and Eighth Circuit precedent, a prevailing defendant in a civil-rights case may recover fees only if the plaintiff's claims were frivolous, unreasonable, or without foundation, or if the plaintiff continued to litigate after the claims clearly became so. *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412 (1978); *Davis v. Charleston*, 917 F.2d 1502 (8th Cir. 1990); *Williams v. City of Carl Junction*, 523 F.3d 841 (8th Cir. 2008). Mere defeat is not enough. *Dillon v. Brown Cty.*, 380 F.3d 360 (8th Cir. 2004); *Bass v. Sw. Bell Tel., Inc.*, 817 F.2d 44 (8th Cir. 1987); *Hughes v. Rowe*, 449 U.S. 5 (1980).

2

Defendants do not satisfy the standard. They instead ask the Court to adopt their hindsight narrative: because Defendants prevailed on a motion to dismiss, Plaintiffs' claims must have been baseless all along; because Plaintiffs' counsel has represented other clients in disputes involving USA Fencing, this case must have been harassment; because Plaintiffs and others spoke publicly about the dispute, the litigation must have been political rather than legal. That reasoning is plainly contrary to the caselaw, and not supported by the dismissal order.

The fee request fails for other independent reasons. Defendants seek a lump-sum award without identifying which fees were incurred solely because of any allegedly frivolous claim. They include opaque and collateral billing entries, including at least one entry expressly referencing a New Jersey matter, and they offer no meaningful allocation among claims, parties, or allegedly recoverable and unrecoverable work. *Fox v. Vice*, 563 U.S. 826 (2011); *EEOC v. CRST Van Expedited, Inc.*, 944 F.3d 750 (8th Cir. 2019). Their claimed costs consist of a private mediation fee, which does not fall within any category enumerated by 28 U.S.C. § 1920. The motion should be denied.

## BACKGROUND AND PROCEDURAL POSTURE

Plaintiffs filed their Verified Class Action Complaint on October 29, 2025. ECF No. 1. Plaintiffs alleged that USA Fencing violated Title IX by administering and advertising women's fencing events while permitting athletes assigned male at birth to compete in those categories without adequate disclosure, and that Defendants engaged in false advertising and related state-law misconduct. Plaintiffs alleged that USA Fencing is an educational institution receiving federal financial assistance and is therefore subject to Title IX's prohibition on sex discrimination. Plaintiffs also alleged that Defendants falsely advertised events as women's competitions while knowingly allowing male-identifying athletes to participate without disclosure.

3

Defendants moved to dismiss on December 22, 2025. ECF No. 14. The Court granted the motion on May 20, 2026. ECF No. 31. The Court found that Plaintiffs had not sufficiently alleged personal jurisdiction over the individual Defendants. ECF No. 31 at 6. The Court then addressed the Ted Stevens Act and Title IX. Importantly, the Court did not hold that the Act deprived it of subject-matter jurisdiction over Plaintiffs' Title IX claim. To the contrary, the Court held that, to the extent Plaintiffs invoked federal civil-rights protections independently of rights governed exclusively by the Act, their claims were not preempted, and the Court did not lack subject-matter jurisdiction over the Title IX claims. ECF No. 31 at 8.

The Court ultimately dismissed the Title IX claim for failure to state a claim, finding inter alia that Plaintiffs had not adequately alleged that they were excluded from or denied benefits of the competition because of gender. ECF No. 31 at 9. The Court dismissed the MMPA claim as insufficiently pled and preempted by the Act, dismissed the breach-of-contract claim as insufficiently pled and preempted, dismissed the conspiracy claim based on the failure to plead an underlying tort and sufficient agreement, and dismissed negligent misrepresentation/negligence per se based on dismissal of the MMPA claim. ECF No. 31 at 10-14.

The critical consideration for this motion is what the Court did not do. The Court did not dismiss with prejudice. It did not find that Plaintiffs acted in bad faith or that that the claims were frivolous, unreasonable, groundless, vexatious, or brought to harass. It did not award sanctions. It did not invite a fee motion. It dismissed the case without prejudice. ECF No. 31 at 14.

In contravention of the Rules, Defendants now seek to convert that without-prejudice dismissal into an extraordinary fee award and a *post hoc* sanction finding. They request $91,985.00 total and ask the Court to find that Plaintiffs violated Missouri Rule of Civil Procedure 55.03. ECF No. 33 at 6. That request seeks relief far beyond what the dismissal order granted and findings far

4

beyond what the dismissal order made.

## <u>LEGAL STANDARD</u>

### A. Attorney's Fees Generally and Under 42 U.S.C. § 1988.

Title IX incorporates the fee-shifting provision of 42 U.S.C. § 1988(b), which authorizes courts to award reasonable attorneys' fees to the **prevailing party**. 42 USCS § 1988; 20 USCS § 1681. When an action is dismissed without prejudice, there is no prevailing party and no award of attorney fees. *See, e.g., Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001) (A party must obtain a judicially sanction material alteration of the legal relationship between the parties to the lawsuit to achieve prevailing party status); *Cody v. Hillard*, 304 F.3d 767, 773 n.3 (8th Cir. 2002) (recognizing that the "prevailing party" analysis in *Buckhannon* applies generally to fee shifting statutes); *Advantage Media, L.L.C. v. City of Hopkins, Minn.*, 511 F.3d 833, 837 (8th Cir. 2008) (holding that "prevailing party status" requires a "judicially sanctioned material alteration of the legal relationship between the parties"); *SnugglyCat, Inc. v. Opfer Communs., Inc.*, 953 F.3d 522, 527 (8th Cir. 2020) ("Where an action is dismissed without prejudice, there is no 'prevailing party' and, thus, neither party is entitled to seek an award of attorney fees…").

In addition, prevailing defendants occupy a different position than prevailing plaintiffs. A defendant may recover fees only upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978); *see also Davis v. Charleston*, 917 F.2d 1502, 1505 (8th Cir. 1990) ("Although *Christiansburg Garment Co.* dealt with fee awards under Title VII, the principles set forth in that case likewise apply to requests for attorney's fees in civil rights actions covered by section 1988."). The aforesaid

5

standard reflects Congress's decision to encourage vigorous enforcement of civil-rights laws without exposing plaintiffs to punitive fee awards simply because they did not prevail. *Christiansburg Garment Co.*, 434 U.S. at 421-22.

The Eighth Circuit applies that standard strictly. In *Davis*, the Court of Appeals reversed a fee award because the trial court had not made well-supported findings that the suit was frivolous, unfounded, or vexatiously brought and pursued. 917 F.2d at 1504-05. A plaintiff should not be assessed the opponent's fees unless the claim lacked any basis or continued after it clearly became groundless. *Id*. at 1504.

Merely losing on the merits or failing to plead enough facts to survive Rule 12 does not render a claim frivolous as long as the plaintiff presents "some basis" for the claim. *Williams*, 523 F.3d at 843; *See also Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers*, 26 F.3d 842, 852 (8th Cir. 1994). Courts must resist "post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co.*, 434 U.S. at 421-22; *Dillon*, 380 F.3d at 365; *Bass*, 817 F.2d at 47; *Williams*, 523 F.3d at 843. That caution has special force here because Defendants merely obtained a pleading-stage dismissal without prejudice. A party cannot use hindsight to convert that procedural result into a finding that the case never had a legitimate legal or factual foundation.

### B. Taxable Costs Under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d).

Rule 54(d)(1) creates a presumption that costs will be awarded to the prevailing party, but the categories of taxable costs are strictly limited by statute. Under 28 U.S.C. § 1920, allowable costs include clerk and marshal fees, transcript fees, printing and witness fees, exemplification and copying costs necessarily obtained for use in the case, docket fees, and certain expert and

6

interpreter fees. 28 USCS § 1920. Costs not enumerated in § 1920 are not taxable absent explicit statutory or contractual authorization. A private mediation invoice is not one of the statutory categories.

## ARGUMENT

### A. Defendants Have Not Met the Exacting Standard for Fee-Shifting.

#### i. Dismissal Without Prejudice Does Not Support Defendants' Requested Findings.

No legal or factual basis exists for Plaintiff's motion. The Court dismissed Plaintiffs' Complaint without prejudice. ECF No. 31 at 14. Defendants now ask the Court to treat that dismissal as though it were a merits adjudication with prejudice, a finding of frivolousness, and a sanctions order, despite it being none of those things.

The dismissal order addressed pleading sufficiency, personal jurisdiction, preemption, and derivative claims. It did not find that Plaintiffs or counsel acted for an improper purpose, did not find that the Complaint was filed to harass or embarrass Defendants, and did not find that any claim was frivolous within the meaning of *Christiansburg*. Those omissions are dispositive to the fee motion. Defendants cannot supply that finding by describing the Court's ruling in harsher terms after the fact.

A dismissal without prejudice is fundamentally inconsistent with Defendants' effort to portray this case as so abusive that Plaintiffs should be ordered to pay nearly six figures. Had the Court concluded that the claims were sanctionable, vexatious, or legally incurable, it could have said so. Defendants now ask the Court to take a step it deliberately did not take.

*Christiansburg* squarely addresses this problem. Courts must not reason backward from loss to frivolousness. *Christiansburg Garment Co.*, 434 U.S. at 421-22. Yet the entire motion constitutes backward reasoning. Defendants begin with dismissal, add rhetoric about political

7

motive and media attention, and ask the Court to infer that the lawsuit never had a proper foundation. That is precisely the type of "post hoc reasoning" that *Christiansburg* rejects.

**ii.      Plaintiffs' Claims Were Meritorious and Grounded in Fact.**

Defendants characterize Plaintiffs' lawsuit as "meritless" and intended to "harass" individual board members. That characterization is belied by both the Complaint and the Court's order. Plaintiffs alleged that USA Fencing (1) is an educational institution within the meaning of 20 U.S.C. § 1681(c) because it operates structured, fee-based training and certification programs for coaches, referees, and athletes; (2) receives federal financial assistance both directly through Paycheck Protection Program loans and indirectly through the U.S. Olympic and Paralympic Committee; and (3) violated Title IX and state law by advertising and administering women's events without adequate disclosure of its eligibility policies.

Plaintiffs' allegations were based on specific factual detail. Plaintiffs alleged that USA Fencing listed itself as an educational service organization on two separate PPP loan applications, received $191,873 and $266,559 in forgivable federal loans, and received more than $1.2 million in USOPC funding that included commingled federal appropriations. Plaintiffs relied on USA Fencing's own policy documents, including language stating that transgender and nonbinary athletes under 16 may compete in the gender category with which they identify "without restriction." Plaintiffs also cited then-recent legal developments, including Executive Order 14201 and *R.M.A. v. Blue Springs R-IV Sch. Dist.*, as part of the legal landscape existing by the time the Complaint was filed. See ECF No. 1 (citing *R.M.A. v. Blue Springs R-IV Sch. Dist.*, 717 S.W.3d 187, 195 (Mo. 2025)).

Whether those allegations ultimately stated a claim is not the question presented by the fee motion. The question is whether Plaintiffs' position was so lacking in factual or legal foundation

that this Court should impose the extraordinary sanction of shifting Defendants' fees. It clearly was not. The Eighth Circuit has held that claims are not groundless if the plaintiff presents "some basis" for the claim. *See Williams*, 523 F.3d at 843. Plaintiffs did so here.

The Court's own order confirms why Defendants' fee theory overreaches. On the Ted Stevens Act issue, the Court agreed that the Act "does not nullify or supersede other federal laws" providing independent civil-rights protections and held that the Court did not lack subject-matter jurisdiction over Plaintiffs' Title IX claims. ECF No. 31 at 8. A case in which Plaintiffs prevailed on a threshold jurisdictional point is not the paradigmatic groundless civil-rights action *Christiansburg* was designed to punish. Defendants may believe the Complaint should have pled additional facts. The Court agreed that the pleading fell short. But pleading insufficiency is not frivolousness. *See Marquart*, 26 F.3d at 852; *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) (dismissal under Fed. R. Civ. P. 12(b)(6) does not automatically satisfy the frivolousness standard). "Where a complaint has been dismissed for lack of subject matter jurisdiction, the 'defendant has not 'prevailed' over the plaintiff on any issue central to the merits of the litigation." *Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990) (citation omitted).

A Rule 12 dismissal without prejudice does not retroactively erase the factual basis Plaintiffs alleged, the legal authorities Plaintiffs cited, or the contested public and legal context in which the case was filed. *See Marquart*, 26 F.3d at 852. Furthermore, Defendants could re-file their Complaint with more facts filling in areas the Court deemed to fall short, which undercuts the idea that the Complaint as filed was meritless and vexatious.

### iii. Defendants' Reliance on Related Litigation and Media Coverage is Misplaced.

Defendants devote substantial attention to other lawsuits, public advocacy, media coverage, and blog posts. The question is not whether this case generated publicity, whether other

9

plaintiffs filed related claims, or whether Plaintiffs' counsel has been publicly critical of USA Fencing. The question is whether the claims in this case were frivolous, unreasonable, or without foundation.

The existence of related cases in other jurisdictions does not establish that this case was frivolous. Plaintiffs' counsel may represent multiple clients with overlapping grievances against the same defendant. Related litigation can reflect the existence of a recurring dispute; it does not, without more, prove harassment. Moreover, public advocacy does not transform a legal claim into a frivolous one. Defendants cite press coverage and Fair Fencing Organization materials to suggest improper political motive. *See* ECF No. 33. But litigants do not forfeit access to the courts by speaking publicly about matters of public concern. Plaintiffs are not required to litigate in silence to avoid fee-shifting. *See King v. Whitmer, 71 F.4th 511, 520 (6th Cir. 2023)* (Reversing lower court's imposition of sanctions even when the lower court found that "Plaintiffs' attorneys are trying to use the judicial process to frame a public 'narrative.'").

Defendants' treatment of publicity also exposes the rhetorical nature of the motion. The motion reads less like a fee application than an effort to convert a without-prejudice dismissal into public vindication. Defendants cite media statements to argue that the case was political, then ask the Court to adopt a sanction finding the dismissal order never made. See ECF No. 33; ECF-No.31. That is not a proper use of Rule 54 or fee-shifting doctrine. Defendants also point to the Texas lawsuit filed by different plaintiffs as evidence of a coordinated harassment campaign. That case involved different plaintiffs, different events, and different factual allegations, such as allegations relating to alcohol promotion. *See* ECF No. 33-1 at 10. The fact that both cases challenge USA Fencing's policies does not make either case frivolous. Multiple plaintiffs may have independent, good-faith claims arising from the same policy.

### iv. Naming the Individual Defendants Does Not Establish Harassment.

Defendants argue that Plaintiffs "needlessly named" individual board members to harass and embarrass them. But the Complaint alleged that the individual Defendants authorized, approved, implemented, or defended the challenged policies and conduct. Naming individuals alleged to have participated in the challenged conduct is not harassment merely because Defendants later prevailed on personal jurisdiction. See ECF No. 31.

The Court dismissed the individual Defendants for lack of personal jurisdiction because Plaintiffs had not sufficiently alleged each individual Defendant's contacts with Missouri. ECF No. 31 at 6. That ruling does not support a finding that naming those Defendants was frivolous or vexatious. Plaintiffs' failure to plead sufficient Missouri contacts does not mean Plaintiffs acted in bad faith by naming policymaking officials alleged to have authorized the conduct at issue.

Defendants cite no authority holding that naming corporate officers, directors, or board members in a civil-rights and state-law action constitutes vexatious litigation where the complaint alleges their participation in the relevant policies. *See* ECF No. 33. Their argument again depends on hindsight: because the Court dismissed the individual Defendants, Plaintiffs must have named them for harassment. See *Id*. The Court should reject such conclusory post hoc reasoning.

### B. Defendants' MMPA Fee Request Fails for the Same Reason.

Defendants also invoke the MMPA. Missouri follows the American Rule, under which attorney fees are not awarded to every successful litigant and may be awarded only when authorized by contract or statute. *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 431 (Mo. 2013). Defendants' own citea confirm that prevailing defendants generally receive fees only where the plaintiff pursued vexatious and frivolous claims warranting dismissal and sanctions under Rule 55.03. *Arcese v. Daniel Schmitt & Company*, 504 Sw.E.3d 772, 790 (Mo. App. E.D.

2016). Defendants wholly fail to meet this standard. And nothing in the order supports that escalation.

Defendants' MMPA theory also suffers from the same *post hoc* defect as their Title IX theory. The Court held that Plaintiffs had not adequately pled ascertainable loss and that the claim was preempted by the Ted Stevens Act. ECF No. 31 at 11-12. This pleading and preemption ruling is not a finding that Plaintiffs' consumer-protection theory was frivolous, vexatious, or sanctionable. Defendants cannot convert an adverse Rule 12 ruling into a fee award by adding labels the Court did not use.

**C. The Requested Fees Are Excessive, Inadequately Documented, and Unallocated.**

Even if the Court were to find that some aspect of Plaintiffs' case warranted fee-shifting, a conclusion Plaintiffs vigorously dispute, Defendants' amount claimed is unreasonable and unsupported. They seek a case-wide fee award without doing the work required of identifying which fees were incurred because of allegedly frivolous claims. See *Fox v. Vice*, 563 U.S. 826, 835 (2011) (stating "a defendant may not obtain compensation for work unrelated to a frivolous claim").

**i. Defendants Seek Fees for Work That Is Unrelated or Inadequately Tied to this Case.**

Defendants' billing records include entries that are totally unrelated work or are inadequately described. For example, the records include an entry for "Brief review of court pleadings filed in New Jersey matter." ECF No. 33-4. They include numerous entries referring to communications with non-party personnel or collateral subjects without any information to determine whether the work was necessary to defend the Missouri action. *Id*. They also include work relating to mediation, client conferences, internal analysis, and broader strategy without meaningful segregation.

12

Under *Fox*, a defendant may recover only fees incurred "solely because of the frivolous allegations" in the specific case at issue. *Fox* 563 U.S. at 841. Defendants may not recover fees for defending parallel litigation, monitoring other disputes, addressing public controversy, or advising USA Fencing and its board on collateral matters. See *Id.* Contrary to *Fox,* Defendants seek to shift a $90,035 fee bill by submitting a global invoice and asking Plaintiffs and the Court to separate recoverable work from unrecoverable work after the fact. See *Id.*

Even if fees were shifted (which they have not been), Defendants would have to allocate their fees and demonstrate which charges are attributable exclusively to this case and, within this case, solely to claims that meet the *Christiansburg* standard. Absent that allocation, the fee request should be denied. *Fox v. Vice*, 563 U.S. 826 (2011); See also *EEOC v. CRST Van Expedited, Inc.*, 944 F.3d 750, 758 (8th Cir. 2019).

### ii. The Hours and Staffing are Unreasonable for the Result Obtained.

Defendants seek $90,035.00 in fees for approximately 297.5 hours of work. ECF No. 33-4. The rates are $315 per hour for partners and senior counsel and $155 per hour for paralegals. Defendants offer no meaningful evidentiary support establishing that the rates are reasonable for this type of case, and the hours are excessive for a pleading-stage dismissal without prejudice.

The billing records reflect duplication and inefficiency. Multiple attorneys billed for conferences, email exchanges, and overlapping review. Paralegal entries include generalized document review without sufficient explanation of necessity. Defendants also billed substantial time for mediation preparation and attendance, even though the mediation did not resolve the case and Defendants separately seek to tax the mediator's invoice as a cost. The request is not a focused request for fees caused solely by frivolous allegations, rather, it is an attempt to make Plaintiffs pay for Defendants' entire litigation posture. The Court should deny the fee request.

### iii. Defendants Have Not Segregated Fees by Claim or by Allegedly Frivolous Conduct.

Plaintiffs asserted five counts: (1) Title IX; (2) false advertising/violation of the Missouri Merchandising Practices Act; (3) breach of contract; (4) conspiracy; and (5) negligent misrepresentation/negligence *per se*. Even if one or more claims could be deemed frivolous, a conclusion Plaintiffs contest, Defendants made no effort to allocate fees among claims.

*Fox* does not permit a prevailing defendant to recover fees attributable to non-frivolous claims simply because the defendant prevailed on claims it characterizes as frivolous. *Fox*, 563 U.S. at 841; *EEOC.*, 944 F.3d at 758. The Court must determine which fees were incurred solely because of the frivolous allegations and may not award fees based on overlap or interrelatedness without a specific allocation. *See Fox*, 563 U.S. at 841.

However, Defendants identify no such allocation. They do not isolate the Title IX fees from the MMPA fees. They do not segregate jurisdictional work from merits work. They do not separate work attributable to individual Defendants from work attributable to USA Fencing. They do not separate allegedly frivolous theories from non-frivolous theories. They simply ask for everything, and *Fox* does not allow that.

### D. Mediation Costs Are Not Taxable Under 28 U.S.C. § 1920.

Defendants seek $1,950.00 in costs consisting of a mediation fee paid to Eischens & Vogel Mediation Solutions. See Doc. No. 33-4. That cost is not recoverable under 28 U.S.C. § 1920. Section 1920 enumerates six categories of taxable costs. 28 USCS § 1920. A private mediator's fee is not a clerk fee, marshal fee, transcript fee, printing fee, witness fee, exemplification or copying cost, docket fee, court-appointed expert fee, or interpreter fee. Defendants cite no statutory or contractual authorization that would allow the Court to tax this mediation expense.

### E. Policy Considerations Weigh Against Fee-Shifting.

14

The *Christiansburg* standard reflects a careful balance. Congress intended to encourage vigorous enforcement of civil-rights laws while deterring truly groundless litigation. *Christiansburg Garment,* 434 U.S. at 422; *Davis v. Charleston*, 917 F.2d 1502 (8th Cir. 1990). Awarding fees too readily chills access to the courts and discourages plaintiffs from pursuing novel or evolving claims. *See Christiansburg Garment*, 434 U.S. at 422; *Hughes v. Rowe*, 449 U.S. 5 (1980).

This case presents the kind of disputed, evolving issue that should not be deterred by fee-shifting after a without-prejudice dismissal. Plaintiffs raised questions about the scope of Title IX's application to national governing bodies that receive federal funds, the obligations of organizations that hold themselves out as educational institutions, and the duties of organizations advertising sex-designated athletic competitions. Those questions are contested, public, and legally significant. See e.g. *Female Athletes United v. Ellison*, 172 F.4th 1019 (8th Cir. 2026) (stating "there can be no dispute that whether Title IX requires, permits, or prohibits the participation of transgender athletes in female athletics remains an open question of law."). Defendants prevailed at the pleading stage. They did not obtain a judicial finding that Plaintiffs abused the courts.

Awarding nearly six figures in fees here would send the wrong message: that civil-rights plaintiffs who bring contested claims against powerful organizations may face crushing fee exposure if their pleadings fall short, even when the court dismisses without prejudice and makes no finding of bad faith. That result would invert *Christiansburg* and reward precisely the hindsight reasoning it prohibits.

**<u>CONCLUSION</u>**

FOR THE FOREGOING REASONS, Plaintiffs respectfully request that the Court DENY Defendants' motion for attorneys' fees and costs in its entirety, and grant such other and further

relief as the Court deems just and proper.


Dated: June 17, 2026                        Respectfully submitted,


                                            /s/James T. Bacon
                                            James T. Bacon (admitted *pro hac vice*)
                                            VA Bar # : 22146
                                            jbacon@mbhylaw.com
                                            Mahdavi, Bacon, Halfhill & Young, PLLC
                                            11350 Random Hills Road, Suite 700
                                            Fairfax, Virginia 22030
                                            (703) 420-7620


                                            /s/Karin M. Sweigart
                                            KARIN M. SWEIGART
                                            MO Bar #75943
                                            KSweigart@dhillonlaw.com
                                            Dhillon Law Group Inc.
                                            177 Post Street, Suite 700
                                            San Francisco, California 94108
                                            Telephone: (415) 433-1700


                                            Charles Xiaolin Wang (admitted *pro hac vice*)
                                            DC Bar # : 470265
                                            cwang@mbhylaw.com
                                            Mahdavi, Bacon, Halfhill & Young, PLLC
                                            11350 Random Hills Road, Suite 700
                                            Fairfax, Virginia 22030
                                            (703) 420-7620
                                            *Attorneys for Plaintiffs*

16

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 17, 2026, a true and correct copy of the foregoing was filed on ECF and was served on all counsel of record:


*/s/ James. T. Bacon*
James T. Bacon
