MARGHERITA GUZZI VINCENTI,
PATRICIA HUGHES, EMMA GRIFFIN,
individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

Case No.: 4:25-CV-00850-FJG

USA FENCING ASSOCIATION, DONALD
ALPERSTEIN, PHIL ANDREWS, DAMIEN
LEHFELDT, MOLLY HILL, KAT HOLMES,
LAURYN DELUCA, SCOTT RODGERS,
ANDREA PAGNANELLI, and JACKIE
DUBROVICH,

Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION FOR ATTORNEYS' FEES AND COSTS

Defendants USA Fencing Association, Donald Alperstein, Phil Andrews, Damien Lehfeldt,

Molly Hill, Kat Holmes, Lauryn DeLuca, Scott Rodgers, Andrea Pagnanelli, and Jackie Dubrovich

(collectively referred to as "Defendants"), through their undersigned counsel and pursuant to

Federal Rule of Civil Procedure 54, respectfully submit their Reply in Support of their Motion for

Attorneys' Fees and Costs as follows:

## I.  **INTRODUCTION**

The purpose of 42 U.S.C. § 1988 is to, among other things, "deter the bringing of lawsuits

without foundation by providing that the prevailing party – be it plaintiff or defendant – could

obtain legal fees." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412,

420, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978) (quoting *Grubbs v. Butz*, 179 U.S. App. D.C. 18,

1

20, 548 F.2d 973, 975) (internal quotations omitted). Congress enacted Section 1988 to "protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg Garment Co.*, 98 S. Ct. at 700. Section 1988 was enacted for lawsuits like this one, where Plaintiffs' counsel has instituted multiple actions throughout the country against USA Fencing and some or all of the Individual Defendants to harass them and for other improper purposes, as explained in Defendants' Motion for Attorneys' Fees and Costs (Defendants' "Motion"). Section 1988's purpose will be fulfilled by ordering Plaintiffs to pay Defendants' reasonable attorneys' fees and costs for defending against Plaintiffs' claims that were frivolous, unreasonable, and without foundation.[1]

## I.  ARGUMENTS & AUTHORITIES

Plaintiffs' Response in Opposition to Defendants' Motion (Plaintiffs' "Response") fails to overcome Defendants' request for their reasonable attorneys' fees and costs because (1) Plaintiffs' claims were frivolous, unreasonable, and without foundation; (2) Plaintiffs inaccurately describe Defendants' argument in their Motion in an attempt to defeat it; and (3) courts have ordered plaintiffs to pay defendants their attorneys' fees upon prevailing on a motion to dismiss.

### a.  Plaintiffs' claims were frivolous, unreasonable, or without foundation.

A plaintiff may be assessed the opposing defendant's attorneys' fees if the plaintiff's claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 420, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648 (1978). This standard requires more than the plaintiff simply losing the case, but it does not require bad faith. *Id*. at 700-01. However, "if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis

---

[1] The reasons offered in this Reply and in Defendants' Motion to support Defendants' request for reasonable attorneys' fees and costs under Section 1988 also support their request to recover their attorneys' fees under the Missouri Merchandising Practices Act.

for charging him with the attorney's fees incurred by the defense." *Id*. at 701.

In *Braxton v. Bi-State Dev. Agency*, the defendant filed a motion to dismiss the plaintiff's complaint and requested to recover their attorneys' fees because the plaintiff's counsel "engage[d] in abuse of process through the institution [the] suit; and… plaintiff's suit [was] time barred due to her failure to bring [the] cause of action within ninety days of receipt of her right to sue letter." 561 F. Supp. 889, 890 (E.D. Mo. 1983), aff'd, 728 F.2d 1105 (8th Cir. 1984). The plaintiff's counsel filed multiple suits arising out of the same facts, including filing a lawsuit asserting largely the same allegations as another pending lawsuit that the plaintiff had on appeal. The court held that the defendant "must" be entitled to an award of attorneys' fees because the "proceeding was clearly frivolous, unreasonable, and without foundation." *Id*. at 891.

In *Braxton*, the court noted that, "[a]lthough it is unnecessary to determine whether the plaintiff's counsel brought this action in subjective bad faith…th[e] court [could not] help but comment that counsel clearly had knowledge of the fact that he had an appeal pending before the Eighth Circuit." *Id*. The United States Court of Appeals for the Eighth Circuit upheld this District Court ruling awarding attorneys' fees to the defendant. *See Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984); *see also McGregor v. Bd. of Comm'rs of Palm Beach Cnty.*, 956 F.2d 1017, 1022-23 (11th Cir. 1992) (upholding an award of attorneys' fees to the defendant following the defendant's motion to dismiss because the applicable law did not offer any support to the plaintiff's claim); *Della Pietra v. New York State Organized Crime Task Force*, 630 F. Supp. 986, 987 (W.D.N.Y. 1986) (ordering the plaintiffs to pay the defendant's attorneys "[b]ecause the plaintiffs knew or should have known prior to trial that their allegations…were without evidentiary foundation, because they continued nonetheless to press their claims," and because of "the paucity of evidence" necessary to support an element of their claim adduced at trial); *Rivera Carbana v.*

3

*Cruz*, 588 F. Supp. 80, 84 (D.P.R. 1984), *aff'd sub nom. Carbana v. Cruz*, 767 F.2d 905 (1st Cir. 1985) (ordering a *pro se* plaintiff to pay the defendant's attorneys' fees because the plaintiff's claims were "clearly frivolous, vexatious, and brought for harassment purposes" because the plaintiff brought repeated actions against the defendant and two of the prior actions had been dismissed).

Here, similar to the cases cited above, Plaintiffs' counsel has filed multiple cases against USA Fencing and some or all of the Individual Defendants, one of which has been dismissed in addition to this present case, and the other has a motion to dismiss pending. (Docs. 33-1; 33-5; 33-6). As shown in Defendants' Memorandum in Support of their Motion to Dismiss and their Reply in Support of their Motion to Dismiss, Plaintiffs' claims lacked support under applicable laws. (Docs. 15, 29). The lack of legal and factual support for Plaintiffs' claims against Defendants is further shown by the admissions and contradictions Plaintiffs made in their Opposition to Defendants' Motion to Dismiss, which are described in detail in Defendants' Reply in Support of their Motion to Dismiss, (*see generally* Doc. 25; Doc. 29 at 2-6), and the verifiable misstated facts in their Complaint, as explained in Defendants' Motion. (Doc. 33 at 3).

Moreover, Plaintiffs base much of the alleged "illegality" of Defendants' actions in their Complaint on Executive Order 14201, titled "Keeping Men Out of Women's Sports," which they claim "mandates that all recipients of federal financial assistance – including educational institutions and affiliated organizations – must prohibit biological males from participating in female-designated athletic competitions." (Doc. 1, ¶ 35). However, Plaintiffs admit that the fencing tournament that is at the heart of this lawsuit was held January 3, 2025, through January 6, 2025, (Doc. 1, ¶ 2), and Executive Order 14201 went into effect on February 6, 2025. (Doc. 1, ¶ 35). Therefore, Plaintiffs admit that the Executive Order did not apply to the fencing tournament at

4

issue and, in turn, admit that the Executive Order cannot offer any support to their claims. Moreover, by the time Plaintiffs filed this lawsuit against Defendants, USA Fencing updated its policies to comply with the Executive Order. Therefore, Plaintiffs claims were moot, which they knew or should have known. Yet, they filed their lawsuit anyway.

Additionally, Plaintiffs or their counsel's intent behind filing this lawsuit and the others is far from the intent of the laws under which they brought their claims. For example, as explained in Defendants' Motion, Plaintiffs' counsel has admitted that, for years, they have attempted to change USA Fencing "from within" but have found it "can only be transformed by external force" and, accordingly, "launch a class action lawsuit against USA Fencing." (Doc 33-3). Plaintiffs' counsel then appears to have cherry picked jurisdictions in which to file their lawsuits. For example, Plaintiffs' counsel has not filed lawsuits in every jurisdiction in which fencing tournaments like the one at issue in this matter have taken place. According to USA Fencing's website, the following events were held in 2025:

- 2025 Junior Olympics: February 14, 2025, through February 17, 2025, in Charolotte, North Carolina;

- March North American Cup: March 7, 2025, through March 10, 2025, in Cleveland, Ohio;

- April North American Cup: April 11, 2025, through April 14, 2025, in Los Angeles, California;

- May SJCC 2025: May 16, 2025, through May 18, 2025, in Reno, Nevada;

- Summer Nationals: June 28, 2025, through July 7, 2025, in Milwaukee, Wisconsin;

- October North American Cup: October 3, 2025, through October 6, 2025, in Salt Lake City, Utah; and

- November North American Cup: November 14, 2025, through November 17, 2025, in Fort Worth, Texas.

*See Events: National*, USA Fencing (January 29, 2026), https://www.usafencing.org/events-

5

national.

For these reasons and those explained in Defendants' Motion, Plaintiffs' claims are frivolous, unreasonable, or without foundation, and Defendants request this Court enter an order requiring Plaintiffs to pay their reasonable attorneys' fees and costs.

**b.     Plaintiffs misconstrue Defendants' legal argument in an attempt to defeat it.**

In Plaintiffs Response, they claim that Defendants' Motion fails because a mere dismissal without prejudice is insufficient to satisfy Defendants' burden of establishing that Defendants are entitled to recover their attorneys' fees. However, Defendants do not claim that they are entitled to recover their attorneys' fees merely because they prevailed on their motion to dismiss. Rather, as explained in Defendants' Motion and above, Defendants seek to recover their reasonable attorneys' fees and costs because Plaintiffs' claims were frivolous, unreasonable, and without foundation for multiple substantiated reasons. Additionally of note is that Plaintiffs' Response does not dispute the points made in Defendants' Motion. Rather, Plaintiffs disagree that the points should result in any recovery. For the reasons explained herein and in Defendants' Motion, an order requiring Plaintiffs to pay Defendants' reasonable attorneys' fees and costs is appropriate.

**c.     Courts have awarded attorneys' fees to defendants that prevail on a motion to dismiss.**

Courts have awarded attorneys' fees to defendants that prevail on their motion to dismiss against plaintiffs. For example, in *Braxton*, the defendant prevailed on their motion to dismiss against the plaintiff and requested to recover their attorneys' fees. 561 F. Supp. at 890. The court ordered the plaintiff to pay the defendant's attorneys' fees, and the Eighth Circuit upheld the ruling. *Braxton*, 728 F.2d at 1108; *see also McGregor v. Bd. of Comm'rs of Palm Beach Cnty.*, 956 F.2d at 1022-23) (upholding an award of attorneys' fees on the plaintiff's count I which was dismissed without prejudice for failure to state a claim). Therefore, this Court is not barred from requiring

6

Plaintiffs to pay Defendants' attorneys' fees and costs just because Defendants disposed of Plaintiffs' claims on a motion to dismiss.

**I.      CONCLUSION**

Although it is unusual for courts to award attorneys' fees and costs to a defendant, it is appropriate in this unusual matter. The very purpose of Section 1988 would be served by ordering Plaintiffs to pay Defendants' reasonable attorneys' fees and costs associated with defending against their claims that were frivolous, unreasonable, and without foundation.

WHEREFORE, for the reasons stated above and in Defendants' Motion, Defendants respectfully request that this Court grant their Motion for Attorneys' Fees and Costs and for any other such relief as this Court deems necessary and proper.

/s/ *Blake M. Edwards*
Blake M. Edwards, MO# 70755
Toni A. Martin, MO# KS-001246
GORDON REES SCULLY MANSUKHANI, LLP
2300 Main Street, Suite 900
Kansas City, MO 64108
Telephone:     (816) 303-0815
Facsimile:     (913) 945-1101
bedwards@grsm.com
tamartin@grsm.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2026, a true and accurate copy of the foregoing was filed using the Court's electronic filing system which sent notice to all counsel of record.

/s/ *Blake M. Edwards*
Blake M. Edwards

7